**RELIANT ENERGY, INC., Appellant,**

v.

**Jannete GONZALEZ, as Dependent Administrator of the Estate of Guadalupe Gonzalez, Jr., Deceased, Appellee.**

**Jannete Gonzalez, as Dependent Administrator of the Estate of Guadalupe Gonzalez, Jr., Deceased, Appellant,**

v.

**Reliant Energy, Inc., Appellee.**

Nos. 01–02–00679–CV, 01–02–01054–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 29, 2003.

John V. Anaipakos, Stephen G. Tipps, Katherine Traverse Vukadin, Baker & Botts, L.L.P., Houston, for Appellant.

Miguel J. Chapa, Anthony F. Constant, Constant & Vela, Corpus Christi, for Appellee.

Panel consisted of Justices MIRABAL,* TAFT, and SMITH ** on original submission of cause number 01–02–00679–CV.

## EN BANC OPINION ON REHEARING

TERRY JENNINGS, Justice.

We deny the motion for rehearing filed in cause number 01–02–00679–CV by Jannete Gonzalez (Gonzalez), as dependent administrator of the estate of Guadalupe Gonzalez, Jr., deceased. *See* TEX.R.APP. P. 49.3. We withdraw our en banc opinion of September 6, 2002, substitute this opinion in its place, and vacate our previous judgment.

These are accelerated, interlocutory appeals [1] concerning an application by Reli-

---

\* The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals, First District of Texas, continues to sit by assignment on this case.

\*\* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of

Texas at Houston, participating by assignment.

1. In this Court's en banc opinion of September 6, 2002 in cause number 01–02–00679–CV, we held that the trial court had abused its discretion in initially denying Reliant's application for an anti-suit injunction, and we re-

ant Energy, Inc. (Reliant) for an anti-suit injunction.[2] In its sole issue presented in our cause number 01–02–00679–CV, Reliant argued that the Harris County district court abused its discretion in originally denying Reliant's application for the anti-suit injunction because (1) Gonzalez engaged in inequitable conduct that vested dominant jurisdiction in the Harris County court, (2) Gonzalez's conduct poses a threat to the dominant jurisdiction of the Harris County court, and (3) Gonzalez's conduct violates Texas's public policy against forum shopping. In cause number 01–02–01054–CV, Reliant asserts the same arguments in support of the trial court's September 6, 2002 order granting Reliant's application for an anti-suit injunction.

Under its last point, Reliant argues that "[t]he plain language of Section 15.007 of the Civil Practices and Remedies Code[3]

trumps the applicable venue provision of the Probate Code." We agree. We hold that section 15.007 controls over section 6 of the Probate Code,[4] which established venue for the underlying probate proceeding and, consequently, all suits and actions "appertaining to and incident to" the deceased's estate.

We affirm, in cause number 01–02–01054–CV, the trial court's September 6, 2002 order granting Reliant's application for an anti-suit injunction, and accordingly, we dismiss Reliant's interlocutory appeal in cause number 01–02–00679–CV as moot.

## Background

The deceased, Guadalupe Gonzalez, Jr., was killed in an accident while working at a Reliant[5] power plant near Houston in Harris County. He lived with his wife,

---

manded this cause to the trial court with instructions that it issue an injunction in accordance with our opinion. That same day, and before the issuance of a mandate from this Court, the trial court granted Reliant's application for the anti-suit injunction, implicitly superseding its June 26, 2002 order denying the application. *See* Tex.R.App. P. 29.5 ("While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from....").

Gonzalez subsequently filed her interlocutory appeal, cause number 01–02–01054–CV, of the trial court's September 6, 2002 anti-suit injunction. Gonzalez now requests that we consolidate these two interlocutory appeals or consider them together. We agree with the parties that the issues presented in the two appeals are identical and that further briefing is unnecessary. Accordingly, and in the interest of judicial economy, we will consider these two interlocutory appeals, the parties' briefing, and the respective records together, as reflected in the style shown above. *See* Tex.R.App. P. 29.6(a) ("While an appeal from an interlocutory order is pending, on a party's motion, or on the appellate court's own initiative, the appellate court may review ... (1) a

further appealable interlocutory order concerning the same subject matter; and (2) any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal."). By separate order in cause number 01–02–01054–CV, we deny Gonzalez's motion to consolidate these appeals, and we deny Reliant's motion to dismiss Gonzalez's interlocutory appeal.

2. In addition to its interlocutory appeal, Reliant filed a petition for writ of prohibition, seeking to enjoin the Harris County District Clerk from transferring the underlying lawsuit to Hidalgo County. Following this Court's original September 6, 2002 opinion in this case, Reliant's petition was denied as moot. *In re Reliant Energy, Inc.*, 01–02–00688–CV, 2002 WL 31684865 (Tex.App.-Houston [1st Dist.] November 27, 2002, orig. proceeding).

3. Tex. Civ. Prac. & Rem.Code Ann. § 15.007 (Vernon 2002).

4. Tex. Prob.Code Ann. § 6 (Vernon 2003).

5. Reliant's principal place of business is in Harris County.

Jannete Gonzalez, and their children in Hidalgo County. Upon the death of Mr. Gonzalez, an administration was created in the Hidalgo County statutory probate court, and Jannete Gonzalez was appointed as the administrator of his estate.

Gonzalez, as the administrator of the estate, relying on section 5A of the Probate Code,[6] filed wrongful death and survival claims against Reliant in the Hidalgo County statutory probate court. When Reliant unsuccessfully moved to transfer venue of these claims to Harris County, Gonzalez then filed the instant case in Harris County, asserting identical claims. Gonzalez immediately requested the Hidalgo County statutory probate court to transfer this Harris County suit to itself under section 5B of the Probate Code.[7] Reliant then applied to the Harris County district court for an anti-suit injunction enjoining Gonzalez from prosecuting this suit and identical claims in Hidalgo County.

On June 26, 2002, the Harris County district court initially denied Reliant's application. Subsequently, in accordance with our previous en banc opinion, the trial court granted Reliant's application for an anti-suit injunction on September 6, 2002.

### Anti–Suit Injunctions

■ Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state by granting an "anti-suit injunction," abating proceedings in a second forum. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex. 1986). The general rule is that, when suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit filed in another court of this state. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001); *Gannon*, 706 S.W.2d at 305–06.

■ It is well established that a trial court has the power to issue an anti-suit injunction and that an interlocutory appeal lies from the decision to grant or deny the injunction. *See Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex.1996). An anti-suit injunction is appropriate to (1) address a threat to a court's jurisdiction, (2) prevent the evasion of important public policy, (3) prevent a multiplicity of suits, and (4) protect a party from vexatious or harassing litigation. *Id.* The party seeking the injunction must show that "a clear equity demands" the injunction. *Id.* The trial court's decision is reviewed under an abuse of discretion standard. *Gannon*, 706 S.W.2d at 305. A trial court abuses its discretion when it misapplies the law to the established facts of the case. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

### Jurisdiction and Venue

■ This case turns on questions of jurisdiction and venue. Jurisdiction concerns the *power of a court*, under the Constitution and laws, *to determine the merits of an action* as between the parties and to render a judgment. *Nat'l Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943); *see also* 2 McDonald, Texas Civil Practice, § 6:2 (1992). Venue concerns the propriety of prosecuting a suit involving a given subject matter and specific parties *in a particular county*. *Nat'l Life*, 167 S.W.2d at 1025; *see also* 2 McDonald at § 6:2.

■ Both parties focus their arguments on "dominant jurisdiction." [8] Gonzalez ar-

---

6. Tex. Prob.Code Ann. § 5A (Vernon 2003).

7. Tex. Prob.Code Ann. § 5B (Vernon 2003).

8. This Court has held that when proceedings have commenced in a statutory probate court, "the probate court has *dominant jurisdiction*

gues that sections 5A and 5B of the Probate Code establish dominant jurisdiction in the Hidalgo county statutory probate court and, therefore, section 15.007 does not preempt these "jurisdictional" provisions of the Probate Code. To understand why this argument fails, a review of the pertinent statutory provisions is necessary.

### Statutory Construction

Matters of statutory construction are questions of law for the court to decide. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). We liberally construe statutes to achieve their purposes and to promote justice. *Maley v. 7111 Southwest Freeway, Inc,* 843 S.W.2d 229, 231 (Tex. App.-Houston [14th Dist.] 1992, writ denied). Our objective in construing a statute is to determine and give effect to the intent of the lawmaking body. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). In so doing, we look first to the plain and common meaning of the statute's words. *Id.; see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex. 1999). We also consider the statute's legislative history, the objective sought, and the consequences that would flow from alternate constructions. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 383 (Tex. 2000).

### The Probate Code

Because the deceased actually resided in Hidalgo County, venue to administer his estate was proper there. Tex. Prob.Code Ann. § 6 (Vernon 2003).

Section 5A of the Probate Code, entitled "Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction," confers jurisdiction on statutory probate courts to hear wrongful death cases such as the instant case. Tex. Prob. Code Ann. § 5A(b) (Vernon 2003); *see Palmer v. Coble Wall Trust Co., Inc.,* 851 S.W.2d 178, 181 (Tex.1992). Section 5A provides, in part, as follows:

> All statutory probate courts may, in the exercise of their jurisdiction ... hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate.

Tex. Prob.Code Ann. § 5A(b).

However, section 5A also recognizes that a statutory probate court "has *concurrent*

over any subsequent suits incident or appertaining to an estate, and the district court or any other court of concurrent jurisdiction has servient jurisdiction." *First State Bank of Bedias v. Bishop,* 685 S.W.2d 732, 736 (Tex. App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) (emphasis added). However, the general rule regarding "dominant jurisdiction" is that, when a court of competent jurisdiction over the subject matter with the power to bring all necessary parties before it acquires the prior right to exercise jurisdiction over a cause of action, no other state court in which a suit was subsequently filed has the right to interfere. *Andrews v. Utica Mut. Ins. Co.,* 647 S.W.2d 22, 25 (Tex.App.-Houston [1st Dist.] 1982, no writ) (citing *Texas Employers Ins. Ass'n v. Baeza,* 584 S.W.2d 317, 320 (Tex.Civ. App.-Amarillo 1979, no writ)).

There has been much confusion regarding the concept of dominant jurisdiction. The confusion arises out of a misnomer: dominant jurisdiction does not implicate a court's jurisdiction at all. Rather, it arises when an identical cause of action has been filed in two courts of concurrent jurisdiction. The concept dictates that the court with the later filed case cede its authority to adjudicate the cause of action to the court with the case filed first. It is a mistake to assume that the second court has no power to adjudicate the cause of action; rather, as a matter of comity and judicial efficiency, it defers to the first court. Thus, dominant jurisdiction is an inappropriate consideration in determining proper *venue* under the facts of this case.

*jurisdiction* with the district court in all actions ... by or against a person in the person's capacity as a personal representative." TEX. PROB.CODE ANN. § 5A (c)(1) (Vernon 2003) (emphasis added). Here, the Hidalgo County statutory probate court and the Harris County district court have concurrent jurisdiction over Gonzalez's wrongful death claim against Reliant.

Section 5A further provides:

In situations *where the jurisdiction* of a statutory probate court *is concurrent* with that of a district court, any cause of action appertaining to or incident to an estate *shall be brought* in a statutory probate court rather than a district court.

TEX. PROB.CODE ANN. § 5A(b) (emphasis added). Recognizing concurrent jurisdiction, and assuming proper venue, this provision confers predominance on the statutory probate courts over district courts to hear such cases. However, section 5A does not, as Gonzalez's argument seems to imply, confer "exclusive" jurisdiction on statutory probate courts to hear such cases. *First State Bank of Bedias v. Bishop,* 685 S.W.2d 732, 736 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). Nor does section 5A dispense with the requirement that proper venue must lie for a statutory probate court to exercise its concurrent jurisdiction.

Also, Gonzalez's argument that section 5B of the Probate Code is a jurisdictional statute that trumps section 15.007 is erroneous. Gonzalez points out that intermediate appellate courts have held that the transfer authority of section 5B, and other provisions like it, applies notwithstanding the venue provisions of the Civil Practice and Remedies Code. *See In re Ramsey,* 28 S.W.3d 58, 59–60 (Tex.App.-Texarkana 2000, orig. proceeding); *Lanier v. Stem,* 931 S.W.2d 1, 3 (Tex.App.-Waco 1996, orig. proceeding); *Henry v. LaGrone,* 842

S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding). However, the controlling difference is that none of these cases were suits for wrongful death, personal injury, or property damage. These cases do not address section 15.007, in which the Texas legislature specifically stated that in three types of cases—suits for "personal injury, death, or property damage"—the proper county for suit is determined in accordance with the Civil Practice and Remedies Code, not the Probate Code.

We recognize that the Austin Court of Appeals has recently held that sections 5B and 608 of the Probate Code "confer jurisdiction on the probate court." *In re Houston Northwest Partners, Ltd.,* 98 S.W.3d 777, 780 (Tex.App.-Austin, 2003, orig.proceeding). We respectfully disagree with this characterization of section 5B as conferring jurisdiction. Section 5B of the Probate Code is entitled "Transfer of Proceedings," and it provides, in part, as follows:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, *may transfer to his court from a district ... court* a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B (Vernon 2003) (emphasis added). This provision merely provides the statutory probate court with a mechanism to effect its authority under section 5A. Section 5B does not confer jurisdiction, and it also does not dispense with the requirement that proper venue

must lie for a statutory probate court to exercise its concurrent jurisdiction.

### Civil Practice and Remedies Code

Chapter 15 of the Civil Practice and Remedies Code states the general venue rule as follows:

(a) Except as otherwise provided by this subchapter or Subchapter B or C, *all lawsuits shall be brought:*

  (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

  (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

  (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

  (4) *if Subdivisions (1), (2), and (3) do not apply,* in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a) (Vernon 2002) (emphasis added). Under section 15.002, because Reliant's principal place of business is in Harris County and because the deceased was killed in an accident while working at a Reliant power plant in Harris County, venue for Gonzalez's wrongful death and survival claims is proper only in Harris County.

Section 15.007 expressly states that "to the extent that *venue under this chapter* for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with *venue provisions* under the Texas Probate Code, this chapter controls." Tex. Civ. Prac. & Rem.Code Ann. § 15.007 (Vernon 2002) (emphasis added).

### Application of Section 15.007

Gonzalez's argument that sections 5A and 5B establish "dominant jurisdiction" in the Hidalgo county statutory probate court and section 15.007 does not preempt these "jurisdictional" provisions of the Probate Code is based on the false assumption that sections 5A and 5B somehow dispense with the requirement of proper venue. It ignores the fact that the basis for the Hidalgo County statutory probate court's venue is section 6 of the Probate Code. Tex. Prob.Code Ann. § 6 (Vernon 2003). The argument focuses on dominant jurisdiction to the extent that it eclipses venue. However, it is axiomatic that a court cannot have "dominant jurisdiction" if it does not have proper venue.

The focus in regard to section 15.007 must be, as expressly stated, on *venue,* not "dominant jurisdiction." Here, based on section 6 of the Probate Code, venue was proper in Hidalgo County for the underlying probate proceeding and, consequently, all suits and actions "appertaining to and incident" to the estate. If the Hidalgo County statutory probate court lacked the venue conferred on it by section 6, it could not administer the estate and, consequently, it could not hear all suits and actions "appertaining to and incident to" the estate.

We hold that section 15.007 controls over section 6 of the Probate Code, which established venue for the underlying probate proceeding and, consequently, all suits and actions "appertaining to and incident to" the deceased's estate. We further hold that sections 5A and 5B of the Probate Code in no way limit the application of section 15.007 of the Civil Practice and Remedies Code.

Our holdings are consistent with the underlying purpose of section 15.007, which was enacted by the Texas legislature in 1995:

The 1995 Texas Legislature made substantial amendments and additions to the venue provisions of the Civil Practice and Remedies Code. The most important of these changes, for estate administration purposes, is that the determination of *proper venue* for an action by or against a personal representative for personal injury, death, or property damage *is no longer made under the Probate Code,* but rather under § 15.007 of the Civil Practice & Remedies Code.

17 TEXAS PRACTICE, PROBATE AND DECEDENTS' ESTATES, § 11 (1971 & Supp.2003)(emphasis added). This legislation "changed the ability of statutory probate courts to make ... transfers in personal injury, death, or property damage suits and whether such suits can be filed in probate courts originally." *DB Entm't, Inc. v. Windle,* 927 S.W.2d 283, 288 (Tex.App.-Fort Worth 1996, orig. proceeding). The legislative intent behind section 15.007 was to prevent forum shopping:

> Forum shopping is against public policy, as reflected by the changes in venue law as part of last year's [1995] tort reform legislation. Particularly, section 15.007, which appears to be a legislative attempt to clarify and reiterate probate court jurisdiction over tort suits, prevents plaintiffs from ... transferring such suits (forum shopping) to probate court in contravention of the venue statutes.

*Id.*

To hold otherwise would render section 15.007 meaningless, and, under established rules of statutory construction, we should not adopt a construction that would render a law absurd or meaning-

less.[9] *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 860 (Tex. App.-Houston [1st Dist.] 1999, no pet.). Thus, an anti-suit injunction was appropriate in this case to prevent the evasion of Texas's important public policy against forum shopping.

### Conclusion

Because venue under Chapter 15 of the Civil Practice and Remedies Code "controls" over the applicable venue provision—section 6—of the Probate Code, Harris County is the only county with proper venue of this case. TEX. CIV. PRAC. & REM.CODE §§ 15.002(a), 15.007. Although the Hidalgo County statutory probate court has concurrent jurisdiction with the Harris County district court, the Hidalgo County statutory probate court is not a "proper forum" for this wrongful death case, in light of Reliant's assertion of its right to be sued in Harris County.

We hold that section 15.007 precludes the transfer of this wrongful death suit from the Harris County district court to the Hidalgo county statutory probate court. Moreover, "a clear equity demands" an anti-suit injunction because Gonzalez filed the instant case in Harris County, asserting claims identical to those already made in the Hidalgo County statutory probate court, and then immediately requested the Hidalgo County statutory probate court to transfer this Harris County suit to itself.

Thus, the Harris County district court, in its June 26, 2002 order, abused its discretion in initially denying Reliant's application for an anti-suit injunction against

---

9. We are aware that the Fourteenth Court of Appeals has expressed a contrary view in dicta in *In Re J7S Inc.,* but that case was for recovery of land and not for personal injury, death, or property damage; the court correct-

ly held that section 15.007 was inapplicable. *In Re J7S Inc.,* 979 S.W.2d 374, 378 (Tex. App.-Houston [14th Dist.] 1998, orig. proceeding).

the prosecution of the identical suit in the Hidalgo County statutory probate court. However, that initial order, appealed under our cause number 01–02–00679–CV, was implicitly superseded by the trial court's subsequent September 6, 2002 order granting the same application for an anti-suit injunction and is no longer subject to review. We further hold, under our cause number 01–02–01054–CV, that the Harris County district court did not abuse its discretion in granting Reliant's application for an anti-suit injunction on September 6, 2002. Accordingly, under cause number 01–02–01054–CV, we affirm the September 6, 2002 order of the Harris County district court granting Reliant's application for an anti-suit injunction.

En banc consideration was requested.

A majority of the Court voted to grant en banc consideration.

The en banc Court, on original submission of cause number 01–02–00679–CV, consisted of Justices MIRABAL, TAFT, NUCHIA, JENNINGS, RADACK, KEYES, ALCALA, and SMITH.

Justice MIRABAL, wrote for the majority of the en banc Court on original submission of cause number 01–02–00679–CV, joined by Justices NUCHIA, JENNINGS, RADACK, KEYES, and ALCALA.

Justice SMITH, joined by Justice TAFT, dissented on original submission of cause number 01–02–00679–CV.

Chief Justice SCHNEIDER [10] and Justice HEDGES, did not participate on original submission of cause number 01–02–00679–CV.

Motion for rehearing was filed in cause number 01–02–00679–CV.

The en banc Court on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV consists of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, MIRABAL, and SMITH.

Justice JENNINGS, writing for a majority of the en banc Court on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV, joined by Chief Justice RADACK and Justices HEDGES, NUCHIA, and ALCALA.

Justice KEYES, concurring on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV.

Justice MIRABAL, dissenting on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV, joined by Justices TAFT and SMITH.

Justice SMITH, dissenting on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV, joined by Justice TAFT.

Justices HANKS and HIGLEY, not participating on rehearing of cause number 01–02–00679–CV and on original submission of cause number 01–02–01054–CV.

EVELYN V. KEYES, Justice, concurring.

These cases are accelerated, interlocutory appeals from the Harris County district court's denial and subsequent grant of

---

**10.** The Honorable Michael H. Schneider, former Chief Justice, Court of Appeals, First District of Texas at Houston, was appointed Justice of the Texas Supreme Court on September 1, 2002 and did not participate in this opinion.

an application for an anti-suit injunction abating duplicative proceedings in a wrongful death action in an Hidalgo County statutory probate court. Because the majority fails to address issues that, in my view, are necessary to the proper disposition of this appeal, I respectfully concur in the judgment only. I would deny the motion, withdraw the previous en banc opinion, and issue this opinion in its place. I would affirm the trial court's September 6, 2002 order granting the anti-suit injunction.

### Anti–Suit Injunctions

Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state by granting an "anti-suit injunction," abating proceedings in a second forum. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex.1986). The general rule is that, when suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit filed in another court of this state. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001); *Gannon*, 706 S.W.2d at 305–06. It is well-established that a trial court has the power to issue an anti-suit injunction and that an interlocutory appeal lies from the decision to grant or deny the injunction. *See Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex.1996). The trial court's decision is reviewed under an abuse of discretion standard. *Gannon*, 706 S.W.2d at 305. A trial court abuses its discretion when it misapplies the law to the established facts of the case. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

### Discussion

Whether the Harris County District Court abused its discretion in refusing to enjoin the prosecution of Gonzalez's wrongful death action in the Hidalgo County statutory probate court turns on the proper forum for that action.

Reliant contends that the venue of Gonzalez's wrongful death action is controlled by section 15.007 of the Civil Practice and Remedies Code, which provides that, in a suit for personal injury, death, or property damage brought by a personal representative of an estate, the venue provisions of the Civil Practice and Remedies Code control over conflicting venue provisions in the Probate Code. If section 15.007 applies to Gonzalez's wrongful death action and the venue provisions of the Civil Practice and Remedies Code therefore control over the venue provisions of the Probate Code, as Reliant contends, venue for Gonzalez's wrongful death action is proper only in Harris County, where the events giving rise to the claim occurred and where Reliant has its principal office, and not in Hidalgo County, where the estate proceedings are pending. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.007, 15.002 (Vernon 2002).

Gonzalez, however, contends that she did not rely on the venue provisions of the Probate Code to establish venue for her wrongful death action in Hidalgo County; rather, she relied on sections 5A and 5B of the Probate Code. She argues that sections 5A and 5B establish *dominant jurisdiction* over claims brought by a personal representative of an estate in the statutory probate court to the exclusion of the district court's jurisdiction; and, since they are jurisdictional statutes, not venue statutes, they are not controlled by section 15.007 of the Civil Practice and Remedies Code, since that section controls only over conflicting *venue* provisions in the Probate Code. Gonzalez contends that the proper forum is the Hidalgo County statutory probate court.

The central question, then, is whether sections 5A and 5B of the Probate Code are indeed jurisdictional statutes that are not controlled by section 15.007 of the Civil Practice and Remedies Code and whether the Hidalgo County statutory probate court is, therefore, the only proper forum for Gonzalez's wrongful death action, or whether venue for proceedings related to estate proceedings is actually established by a venue provision of the Probate Code that is preempted by section 15.007, whether that provision is section 5A or 5B or some other provision of the Code.

The majority, however, fails to address this issue. Instead, it simply holds that venue cannot be dispensed with in establishing a proper forum; venue for proceedings related to probate proceedings is determined by the Probate Code, specifically section 6 of the Code; section 15.007 preempts section 6; therefore, venue for wrongful death actions, which are within the scope of section 15.007, is set by the Civil Practice and Remedies Code, not by the Probate Code. But in reaching this conclusion without addressing the contentions of the parties, the majority begs the central issue in this complex case: if a *jurisdictional* statute, like section 5A or 5B of the Probate Code, overrides even mandatory venue provisions in the Civil Practice and Remedies Code—as many Texas courts have held—how can that jurisdictional statute be preempted by a non-mandatory *venue* provision in the Civil Practice and Remedies Code?

To determine the proper forum for Gonzalez's wrongful death action, it is necessary to determine whether sections 5A and 5B indeed establish both jurisdiction and venue for proceedings related to estate proceedings and whether, as jurisdictional statutes, they control over section 15.007, a venue statute; or whether sections 5A and 5B are themselves wholly or partially ven-

ue statutes whose venue-providing aspect is preempted by section 15.007; or whether some other venue provision in the Probate Code authorizes the probate court to determine venue for proceedings related to estate proceedings and is preempted by section 15.007.

### Statutory Provisions

Section 15.007 of the Civil Practice and Remedies Code ("Conflict with Certain Provisions") provides:

[T]o the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.

Tex. Civ. Prac. & Rem.Code Ann. § 15.007.

Section 15.002 of the Civil Practice and Remedies Code ("Venue: General Rule") provides venue for wrongful death suits, stating:

(a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

(b) For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue under this subchapter or Subchapter C to any

other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer....

TEX. CIV. PRAC. & REM.CODE ANN. § 15.002.

Section 5A of the Probate Code, ("Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction") provides in part:

(b) In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills ... and also include, but are not limited to, all claims by or against an estate.... In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:

(1) by or against a person in the person's capacity as a personal representative;

....

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c)(2), (3), and (4) and Subsection (d) apply whether or not the matter is appertaining to or incident to an estate.

TEX. PROB.CODE ANN. § 5A (Vernon 2003).

Section 5B of the Probate Code, "Transfer of Proceedings," provides in part:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district ... court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B (Vernon 2003).

### Statutory Construction

Matters of statutory construction are questions of law for the court to decide. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). We liberally construe statutes to achieve their purposes and promote justice. *Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 231 (Tex. App.-Houston [14th Dist.] 1992, writ denied). Our objective in construing a statute is to determine and give effect to the intent of the lawmaking body. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). In so doing, we look first to the plain and common meaning of the statute's words. *Id.; see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). We also consider the statute's legislative history, the objective sought, and the consequences that would flow from alternate constructions. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 383 (Tex. 2000). We look at the entire act, and not at a single section in isolation from others. *Fitzgerald,* 996 S.W.2d at 866. We should not adopt a construction that would render a law or provision absurd or meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 860 (Tex.App.- Houston [1st Dist.] 1999, no pet.). To determine the proper construction of sections 5A and 5B of the Probate Code and

section 15.007 of the Civil Practice and Remedies Code, therefore, we must turn first to their plain language, then to the title of these sections, the object sought to be attained, and the consequences of our construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264, 270 (Tex.App.-Dallas 1994, no writ); *Linick v. Employers Mut. Cas. Co.*, 822 S.W.2d 297, 301 (Tex.App.-San Antonio 1991, no writ).

### Jurisdiction and Venue

This case requires that we determine the court of proper jurisdiction and venue for Gonzalez's wrongful death action. "Jurisdiction" deals with the power of a court, under the Constitution and laws, to determine the merits of an action as between the parties and to render a judgment. *National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943); *Nipper v. U–Haul Co.*, 516 S.W.2d 467, 470 (Tex. Civ.App.-Beaumont 1974, no writ); *see also* 2 McDONALD, TEXAS CIVIL PRACTICE, § 6:2 (Rev.Vol.1992). "Venue" signifies the county in which a plaintiff has the legal right to institute and maintain suit. *National Life*, 167 S.W.2d at 1025; *Nipper*, 516 S.W.2d at 470; *see also* 2 McDONALD at § 6:2. A plaintiff has the first choice to establish venue in a proper county by filing suit in the county of his choice. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). If a defendant objects to the plaintiff's venue choice, the plaintiff must prove that venue is proper in the county where suit has been filed. *Id.* If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer,

provided that the defendant provides prima facie proof that the county to which he has requested transfer is a county of proper venue. *Id.* A trial court's transfer of a case to a county of improper venue is an abuse of discretion that renders its transfer order voidable. *Id.* at 198.

### Jurisdiction and Transfer of Proceedings Under Sections 5A and 5B of the Probate Code

Section 5A of the Probate Code ("Matters Appertaining and Incident to an Estate and Other Probate Court *Jurisdiction*") provides that "[a] statutory probate court has *concurrent jurisdiction* with the district court in all actions ... by or against a person in the person's capacity as a personal representative." TEX. PROB.CODE ANN. § 5A(c)(1) (emphasis added). By its plain language and its caption, section 5A is a jurisdictional statute that confers concurrent jurisdiction on district courts and statutory probate courts for an action brought by a personal representative of an estate. The concurrent jurisdiction of those courts under section 5A extends to wrongful death and survival actions brought by or against personal representatives. *Palmer v. Coble Wall Trust Co., Inc.*, 851 S.W.2d 178, 182 (Tex.1992); *Tovias v. Wildwood Props. P'ship, L.P.*, 67 S.W.3d 527, 529 (Tex.App.-Houston [1st Dist.] 2002, no pet.).[1] But our analysis of section 5A does not end with section 5A(c)(1).

Gonzalez points out that section 5A(b) of the Probate Code provides that, "[i]n situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action apper-

---

**1.** It did not become clear that probate courts had concurrent jurisdiction over wrongful death and survival claims until 1992, when the Texas Supreme Court issued its opinion in the *Palmer* case. *See Palmer*, 851 S.W.2d at 181 (stating that, even though legislature amended section 5A of the Probate Code in 1985 to give probate courts jurisdiction of such claims, many courts of appeals continued to hold probate courts had no such jurisdiction).

taining to estates or incident to an estate *shall be brought* in a statutory probate court rather than in the district court." TEX. PROB.CODE ANN. § 5A(b) (Vernon 2003) (emphasis added). Construing this language as conferring dominant jurisdiction on the Hidalgo County statutory probate court to the *exclusion* of the Harris County district court, Gonzalez argues that "therefore, according to legislative mandate, the Hidalgo County statutory probate court has jurisdiction 'rather than' the Harris County district court." I disagree.

This court has held that statutory probate courts have *dominant,* but not exclusive, jurisdiction over claims relating to an estate once probate proceedings have been filed in the probate court. *Tovias,* 67 S.W.3d at 529; *First State Bank of Bedias v. Bishop,* 685 S.W.2d 732, 736 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). In interpreting section 5A(b)(1), we cited with approval to *Pullen v. Swanson,* in which the Fourteenth Court of Appeals concluded:

> The [last] sentence [in section 5A(b) ] is a statutory expression of a policy of judicial self-restraint that once the jurisdiction of the statutory probate court has attached and that jurisdiction is adequate to grant the requested relief, the District Court should refrain from exercising its concurrent jurisdiction.

*First State Bank of Bedias,* 685 S.W.2d at 735–36 (quoting *Pullen,* 667 S.W.2d 359, 364 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.)).

Section 5A is plainly a jurisdictional statute, but, for the reasons set forth below, I would find that a statutory probate court *lacks* the jurisdiction under section 5A to determine venue for wrongful death actions. The question, therefore, is whether section 5B is also a jurisdictional statute that confers on probate courts jurisdiction to determine venue for proceedings related

to estate proceedings pending in the probate court.

Section 5B ("Transfer of Proceedings") provides, "A judge of a statutory probate court ... may transfer to his court from a district ... court a cause of action appertaining to or incident to an estate ... and may consolidate the transferred cause of action with the other proceedings in the statutory probate court." TEX. PROB.CODE ANN. § 5B (Vernon 2003). Section 5B thus authorizes the transfer of proceedings into the statutory probate court to carry out the mandate of section 5A(d) that "[a] statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy." TEX. PROB.CODE ANN. § 5A(d)(Vernon 2003); *see In re Ramsey,* 28 S.W.3d 58, 63 (Tex.App.-Texarkana 2000, no pet.) (observing that purpose of section 5B is to allow consolidation of all causes of action incident to an estate in statutory probate court to promote efficient administration of estates and judicial economy).

As Gonzalez and the dissent observe, a number of Texas courts which have construed section 5B as a *jurisdictional* statute that authorizes the transfer of cases relating to an estate, not only from the jurisdiction of a district court to that of a statutory probate court, but from one venue to another, trumping even mandatory venue provisions in the Civil Practice and Remedies Code. *See In re Ramsey,* 28 S.W.3d at 59–62 (addressing transfer of partnership proceeding from Lamar County District Court to Dallas County probate court); *In Re J7S Inc.,* 979 S.W.2d 374, 378 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) (addressing denial of transfer from Harris County probate court to Atascosa County district court of suit to recover real property despite mandatory venue provision in Civil Practice and Rem-

edies Code); *Lanier v. Stem,* 931 S.W.2d 1, 2–3 (Tex.App.-Waco 1996, orig. proceeding) (addressing transfer from Robertson County district court to Travis County probate court of action against trustee of testamentary trust); *Henry v. LaGrone,* 842 S.W.2d 324, 327–28 (Tex.App.-Amarillo 1992, orig. proceeding) (addressing transfer of declaratory judgment action from Hartley County district court to Travis County probate court).

Gonzalez infers that the transfer of venue in each case is made under the power of the statutory probate court to transfer jurisdiction to itself to the exclusion of the jurisdiction of the district court. She cites, in particular, to the Amarillo Court of Appeals' holding in *Henry* that "[s]ection 5B of the probate code is not a venue statute," but a jurisdictional statute, whose purpose of consolidating all actions incident to an estate in the probate court would be thwarted "if that section did not authorize the statutory probate court to transfer to itself causes of action that were originally filed in proper venues." *Henry,* 842 S.W.2d at 327.

It is immediately apparent, however, that the controlling distinction between this case and the cases cited by Gonzalez is that none of those cases were suits for wrongful death, personal injury or property damage. None of them dealt with section 15.007, in which the Texas Legislature specifically mentioned the Probate Code and said that, in three types of cases only—claims for "personal injury, death, or property damage" brought by or against the personal representative of an estate—the venue provisions in the Civil Practices and Remedies Code control over those in the Probate Code. Does this distinction matter?

Four of our sister courts of appeals have addressed the issue of whether a statutory probate court may transfer to itself a proceeding within the scope of section 15.007 pending in a district court in a different venue. One court construed sections 5A and 5B of the Probate Code, and three construed virtually identical language in section 608 of the Probate Code, governing guardianship proceedings. *See In re Houston N.W. Partners,* 98 S.W.3d 777 (Tex.App.-Austin 2003, orig. proceeding); *Marathon Corp. v. Pitzner,* 55 S.W.3d 114 (Tex.App.-Corpus Christi 2001, pet. filed) (construing section 608); *In re Ford Motor Co.,* 965 S.W.2d 571 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding) (construing section 5B); *DB Entm't, Inc. v. Windle,* 927 S.W.2d 283, 288 (Tex.App.-Fort Worth, orig. proceeding) (construing section 608).

In each of the cases decided prior to our original en banc opinion in this case,[2] the court held that the statutory probate court *lacked authority* under the Probate Code to transfer the wrongful death suit. In each, the court of appeals relied on language in section 5B or section 608 authorizing the probate court to transfer to it's *jurisdiction* only "a cause of action appertaining to or incident to an estate pending in the statutory probate court"; and each observed that the Supreme Court had held in *Palmer* that wrongful death actions are not matters "appertaining to an estate." *In re Ford Motor Co.,* 965 S.W.2d at 575; *DB Entm't,* 927 S.W.2d at 286–87; *see also Marathon Corp.,* 55 S.W.3d at 141 (holding that Dallas County statutory probate court lacked authority to transfer to itself personal injury suit brought on behalf of living person in Hidalgo County district court because (1) personal injury suits brought by guardian are not causes of action appertaining to guardianship estate, and (2)

---

2. Issued September 6, 2002.

applicable version of section 608 of the Probate Code did not give statutory probate court authority to transfer actions by or against guardian, regardless of whether action was appertaining or incident to estate).

This Court previously considered and declined to follow the reasoning of *In re Ford Motor Company* and *DB Entertainment* in determining whether a legal malpractice claim could be transferred to a statutory probate court from a district court. *Greathouse v. McConnell,* 982 S.W.2d 165, 170–71 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). We held that "the legislature amended section 5A in 1989 to grant probate courts concurrent jurisdiction over *all* actions brought by or against a personal representative, whether or not those claims standing alone would meet the definition of 'appertaining to or incident to' an estate." *Id.* at 171. We held that "a statutory probate court may properly transfer to itself any case brought by or against a personal representative of an estate, regardless of whether the claims meet the definition of 'appertaining to or incident to' an estate." *Id.* We further held that the probate court had jurisdiction to transfer the legal malpractice suit to itself. *Id.*

In 1999, the legislature amended section 5B of the Probate Code. That section now plainly states that the judge of a statutory probate court

> may transfer to his court from a district ... court a cause of action appertaining to or incident to an estate pending in the statutory probate court *or* a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B. Section 5B thus plainly permits a statutory probate court to transfer to its jurisdiction all causes of action in which a personal representative is a party, including wrongful death causes of action; and it also has been interpreted by many Texas courts as permitting not only transfer of jurisdiction, but also transfer of venue of proceedings related to probate proceedings. But this still leaves the question whether section 5B alone, or in conjunction with section 5A, authorizes the transfer of *venue of wrongful death* proceedings. Indeed, in our original en banc opinion in this case, we held that section 5B did *not* authorize transfer of a wrongful death action from a county of proper venue under the Civil Practice and Remedies Code to a county of improper venue under that Code.

In *Houston Northwest Partners,* however, the Third Court of Appeals expressly disagreed with our prior en banc holding in this case. 98 S.W.3d at 780. It reasoned that "the probate court below, and virtually every appellate court that has considered sections 5B or 608 of the probate code, deemed these transfer provisions to be jurisdictional statutes, *not* venue provisions that would be governed by section 15.007" and that "[a] plain reading of the probate code supports this majority view." *Id.* (emphasis in original). It observed that the parallel statute, section 608, was in the jurisdiction section of the Probate Code, not the venue section, and that section 15.007 "applies to conflicts with *venue provisions* under the Texas Probate Code." *Id.* (emphasis in original). Without considering the effect of its opinion on the function of sections 5A and 5B of the Probate Code or on the interpretation and applicability of section 15.007 of the Civil Practice and Remedies Code, the Third Court of Appeals held that the plaintiff's malpractice suit, which appertained to

a guardianship estate and was brought in the plaintiff's capacity as guardian of a minor, was properly transferred from Harris County district court to the Travis County statutory probate court, in which the plaintiff initiated guardianship proceedings, apparently for the propose of transferring the malpractice suit from Harris County to Travis County. *Id.*

Because section 5B is in the jurisdictional section of the Probate Code and, by its plain language, authorizes transfer of jurisdiction, Gonzalez and the dissent argue that it is a jurisdictional statute that itself establishes venue. However, section 5B also appears next to the venue provision of the Probate Code and has the characteristics of a venue statute as well as a jurisdictional statute. For example, the transfer of venue provision in the Texas Civil Practice and Remedies Code provides that *"[f]or the convenience of the parties and witnesses and in the interest of justice,* a court may transfer an action from a county of proper venue under this subchapter ... to any other county of proper venue on motion of a defendant." TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(b) (Vernon 2002) (emphasis added). Likewise, section 8 of the Probate Code, ("Concurrent Venue and Transfer of Proceedings") a venue statute, permits the transfer of estate proceedings "to the proper court in any other county in this State" when "it appears to the court at any time before the estate is closed that it would be in the best interest of the estate." TEX. PROB.CODE ANN. § 8(c)(2) (Vernon 2003).

The dual characteristics of section 5B authorizing transfer of both jurisdiction and venue support the argument that section 5B cannot properly be simply construed either as a jurisdictional statute or as a venue statute, but merely is a statute for the "transfer proceedings," as it caption indicates and as the majority con-

cludes. The question still remains, however, whether section 5 *A* of the Probate Code, which is clearly a jurisdictional statute, authorizes the probate court to determine venue of proceedings related to estate proceedings and whether, as a jurisdictional statute, it is beyond the control of section 15.007 of the Civil Practice and Remedies Code.

### *Venue Under the Probate Code for Causes of Action Related to Proceedings Pending in Statutory Probate Courts*

Gonzalez contends that none of the venue provisions of the Probate Code apply to this case; therefore, none can be preempted by section 15.007. She points out that section 6 of the Probate Code ("Venue for Probate of Wills and Administration of Estates of Decedents")—the section the majority holds is preempted by section 15.007—by its plain language, determines venue for the probation of wills and the administration of estates (which necessarily include the underlying probate proceedings in this case), but that it does *not* determine venue for causes of action *relating* to the estate. *See* TEX. PROB.CODE ANN. § 6 (Vernon 2003). Likewise, she contends that section 8 of the Probate Code, ("Concurrent Venue and Transfer of Proceedings") pertains only to the proceedings set out in section 6 of the Code. *See Robertson v. Gregory,* 663 S.W.2d 4, 5 (Tex. App.-Houston [14th Dist.] 1983, no writ); *Boyd v. Ratliff,* 541 S.W.2d 223, 225–26 (Tex.Civ.App.-Dallas 1976, writ dism'd) ("We hold that the venue provisions of § 8 pertain only to the proceedings specifically set forth in §§ 6 and 7 and since the present suit for declaratory judgment by an independent executrix is not within either § 6 or § 7, § 8 is inapplicable").

The majority, however, without addressing Gonzalez's and the dissent's arguments and authorities, holds that section 6 of the Probate Code fixes venue for matters "ap-

pertaining to an estate," hence for claims brought by a personal representative of the estate, in the county where the decedent resided; and, since section 6 is a venue provision, it is preempted in the case of wrongful death actions by section 15.007 of the Civil Practice and Remedies Code. Neither the plain language of section 6 nor the jurisprudence interpreting this section supports this assertion, however, as Gonzalez and the dissent observe. Section 6, by its plain language, pertains solely to the determination of venue for wills and letters testamentary and of administration, not related matters. *See* TEX. PROB.CODE ANN § 6.

Nevertheless, Gonzalez's and the dissent's claim that *no* venue provision in the Probate Code determines venue for proceedings related to pending estate proceedings is simply incorrect. Gonzalez, the dissent, and the majority all overlook section 8(e) of the Probate Code. Section 8(e) ("Jurisdiction to Determine Venue") specifically provides that "[a]ny court in which there has been filed an application for proceedings in probate *shall have full jurisdiction to determine the venue of such proceeding, and of any proceeding relating thereto*, and its determination shall not be subject to collateral attack." TEX. PROB.CODE ANN. § 8(e) (Vernon 2003) (emphasis added). Unlike section 6 of the Probate Code, which fixes venue only for the underlying probate proceedings, section 8(e) expressly confers jurisdiction on the probate court to determine venue for "proceedings relating" to proceedings in probate; and that section, by its plain language, *does* apply to Gonzalez's wrongful death action.[3]

By its caption and plain language, section 8(e) vests the court in which probate proceedings have been filed with jurisdiction to determine the venue of any proceeding relating to those probate proceedings. It is this provision—section 8(e) of the Probate Code—which, in this case, authorized the statutory probate court's exercise of its jurisdiction over matters related to Gonzalez's estate under section 5A of the Code to determine that venue for Gonzalez's wrongful death action lay in Hidalgo County, where estate proceedings were pending, and which authorized the exercise of the statutory probate court's transfer power under section 5B to transfer venue of Gonzalez's wrongful death suit from Harris County to Hidalgo County.

As a venue statute in the Probate Code, however, section 8(e) is preempted by the plain language of section 15.007 of the Civil Practice and Remedies Code with respect to claims for personal injury, death, and property damage brought by or against a personal representative of an estate. Therefore, the transfer was improper, and venue for those cases must be determined under the Civil Practice and Remedies Code. Because the authority conferred on the statutory probate court under section 8(e) to determine and transfer venue of proceedings related to pending estate proceedings is preempted by section 15.007, transfer of Gonzalez's wrongful death action to Hidalgo County and maintenance of that action in the statutory probate court in that county are both improper.

When section 5A of the Probate Code is construed as a jurisdictional provision that provides dominant jurisdiction in a statuto-

---

**3.** The language in *Boyd,* holding that "the venue provisions of § 8 pertain only to the proceedings specifically set forth in §§ 6 and [now repealed] 7" need not be construed as being at odds with this conclusion or the plain language of section 8(e), since the power of the probate court to determine venue of proceedings relating to probate proceedings, set out in section 8(e), is predicated on the power of that court to determine the venue of the underlying probate proceeding, also set out in section 8(e).

ry probate court over a district court of concurrent jurisdiction for matters related to an estate, when section 5B is construed as the applicable provision for transferring both jurisdiction and venue for matters relating to an estate pending in a statutory probate court, and when section 8(e) is recognized as the provision that empowers a statutory probate court to determine the venue of matters related to an estate pending in that court, the cases relied upon by Gonzalez fall into place. Although in each of those cases an action was transferred from a district court to a statutory probate court in a different venue, none dealt with a case subject to section 15.007. Since none of the cases cited by Gonzalez was within the scope of section 15.007, the venue provisions in the Probate Code controlled and authorized the statutory probate court to determine venue of the proceedings related to probate proceedings pending in that court. That is not the case here, where section 15.007 applies and preempts section 8(e), the venue statute that confers jurisdiction on the statutory probate court to determine venue for proceedings related to pending estate proceedings.[4]

I would hold that section 15.007 of the Texas Civil Practice and Remedies Code controls over section 8(e) of the Probate Code and that it thus precludes the exercise of a statutory probate court's jurisdiction to determine venue for a wrongful death action under section 5A of the Pro-

bate Code and that it precludes the transfer of a wrongful death action under section 5B of the Probate Code from a district court in a county of proper venue for those proceedings under the Civil Practice and Remedies Code to a county of improper venue under the Civil Practice and Remedies Code. Since venue for Gonzalez's wrongful death suit is improper in Hidalgo County under the Civil Practice and Remedies Code, the Hidalgo County statutory probate court is an improper forum for Gonzalez's wrongful death action. Transfer of venue of Gonzalez's wrongful death suit from Harris County to Hidalgo County was improper; and the Harris County district court erred in denying Reliant's motion to abate the Hidalgo County wrongful death proceedings.

### Section 15.007 of the Civil Practice and Remedies Code

The conclusion that section 15.007 of the Civil Practice and Remedies Code trumps section 8(e) of the Probate Code and thus removes from the probate court the jurisdiction to determine venue for actions for personal injury, death, or property damage related to proceedings pending in a probate court is supported not only by the plain language of section 15.007 and its construction with sections 5A, 5B and 8(e)of the Probate Code, but also by the intent of the Texas Legislature in enacting section 15.007 in 1995. Tex. Civ. Prac. & Rem.Code Ann. § 15.007 (Vernon Supp. 2003) (*added by* Act of May 4, 1995, 74th

---

4. In *Herring v. Welborn*, 27 S.W.3d 132 (Tex. App.-San Antonio 2000, pet. denied), the Fourth Court of Appeals considered the issues of venue and jurisdiction under section 5A and 5B of the Probate Code in a suit regarding the sale of community property. It held that, once a probate proceeding is underway, the statutory probate court's probate jurisdiction over *continuing administration of the estate* exists to the exclusion of district court jurisdiction in matters "incident to the estate," and that "[t]his jurisdictional require-

ment 'trumps' the venue provision of bringing suit in the county where the land is located." *Id.* at 140–41. It further stated that "[a] jurisdictional requirement (such as that contained in the Probate or Tax Codes) takes precedence over a venue requirement." *Id.* at 141. The court cited no authority for the proposition that jurisdiction trumps venue, and, to the extent it implies that a court may dispense with venue so long as jurisdiction is proper, I disagree.

Leg., R.S., ch. 138, § 1, sec. 15.007, 1995 Tex. Gen. Laws 978, 980).

The effect of the 1995 statute has been described as follows:

> The 1995 Texas Legislature made substantial amendments and additions to the venue provisions of the Civil Practice and Remedies Code. The most important of these changes, for estate administration purposes, is that the determination of proper venue for an action by or against a personal representative for personal injury, death, or property damage is no longer made under the Probate Code, but rather under § 15.007 of the Civil Practice & Remedies Code.

17 TEXAS PRACTICE, PROBATE AND DECEDENTS' ESTATES, § 11 (1971 & Supp.2003). The intention of the legislature in enacting section 15.007 was to prevent forum shopping, as the Fort Worth Court of Appeals has observed:

> Forum shopping is against public policy, as reflected by the changes in venue law as part of last year's [1995] tort reform legislation. Particularly, section 15.007, which appears to be a legislative attempt to clarify and reiterate probate court jurisdiction over tort suits, prevents plaintiffs from ... transferring such suits (forum shopping) to probate court in contravention of the venue statutes.

*DB Entm't, Inc.*, 927 S.W.2d at 288.

By its plain language, section 15.007 has only one purpose: to remove the determination of proper venue for suits for wrongful death and survival from the Probate Code to the Civil Practice and Remedies Code. *See* 17 TEXAS PRACTICE, PROBATE AND DECEDENTS' ESTATES, § 11 (1971 & Supp. 2003). The intent of this tort reform legislation was to "prevent[ ] plaintiffs from ... transferring such suits (forum shopping) to probate court in contravention of the venue statutes." *DB Entm't, Inc.*, 927 S.W.2d

at 288. It could not effect this purpose if it did not control transfer of venue from counties of proper venue for wrongful death and survival suits under the Civil Practice and Remedies Code to counties of improper venue for such suits through the use of sections 5A and 5B of the Probate Code.

Specifically, if section 15.007 does *not* apply to statutory probate courts, then it is ineffective to prevent transfer of venue in Texas' 10 most populous counties, as the dissent acknowledges—that is, all the counties in which section 15.007 is most likely to be invoked. Such an interpretation of section 15.007 is contrary both to the intent of the legislature in enacting it and to its plain language and leads to absurd results. We should not interpret a statute in a manner contrary to its plain language, purpose, and legislative intent, and in such a way as to render it meaningless. *See Redmon*, 745 S.W.2d at 316; *Mueller*, 994 S.W.2d at 860.

### Estoppel and Anti–Suit Injunction

Reliant contends not only that venue for Gonzalez's wrongful death suit is improper in Hidalgo County under sections 15.002 and 15.007 of the Civil Practice and Remedies Code, but that Gonzalez was forum shopping when she filed her wrongful death suit in Hidalgo County and opposed its transfer to Harris County, the county of proper venue, and that she was forum shopping when she filed an identical wrongful death suit in Harris County and immediately moved to transfer it to Hidalgo County. Reliant points out that it timely objected to venue in Hidalgo County; sought to transfer Gonzalez's wrongful death suit from the statutory probate court in that county to the district court in Harris County, the county of proper venue; fought transfer of venue from Harris County to Hidalgo County; and sought to

888

abate the Hidalgo County proceedings—and that each time Gonzalez resisted.

Reliant argues that *forum shopping* can constitute grounds for estoppel to assert dominant jurisdiction; deprive a court of dominant jurisdiction it would otherwise have had; and justify abatement of the proceedings in the county of improper venue. *See Sweezy Constr., Inc. v. Murray,* 915 S.W.2d 527, 532 (Tex.App.-Corpus Christi 1995, orig. proceeding) (recognizing estoppel to assert the dominant jurisdiction of a prior action arises from a variety of conduct, including "an affirmative representation to the second court that it has jurisdiction," as by filing suit in that jurisdiction); *see also Perry,* 66 S.W.3d at 252; *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247–48 (Tex.1988) (first-filed rule does not apply if party's conduct estops him from asserting dominant jurisdiction); *Howell v. Mauzy,* 899 S.W.2d 690, 698 (Tex.App.-Austin 1994, writ denied) (noting that abatement of lawsuit due to pendency of previous lawsuit is based on comity, convenience, and necessity for orderly procedure; however, exception exists when party's conduct estops him from asserting dominant jurisdiction in another court). Therefore, Reliant argues, the Harris County district court should have enjoined the Hidalgo County proceedings.

A suit in a court that has dominant jurisdiction is entitled to proceed to judgment, and the court of dominant jurisdiction may protect its jurisdiction by enjoining identical proceedings filed in another court. *See Perry,* 66 S.W.3d at 252; *Gannon,* 706 S.W.2d at 305. Accordingly, when the subject matter is the same in two pending lawsuits, a plea in abatement in the second action must be granted in the interests of comity, convenience, and the need for an orderly procedure in the trial of contested issues. *Sweezy Constr., Inc.,* 915 S.W.2d at 531.

Well-established equitable exceptions provide, however, that when a party who has filed suit in a particular forum has engaged in inequitable behavior that affects the choice of forum, the party who filed the first suit is estopped from asserting the dominant jurisdiction of the prior court, and the first-filed suit should be abated. *See In re Pasadena Indep. Sch. Dist.,* 76 S.W.3d 144, 147 (Tex.App.-Amarillo 2002, orig. proceeding); *Sweezy Constr., Inc.,* 915 S.W.2d at 531; *4M Linen & Uniform v. W.P. Ballard & Co.,* 793 S.W.2d 320, 322 (Tex.App.-Houston [1st Dist.] 1990, writ denied). If the second court determines that an exception to the general rule of abatement applies, it may assume dominant jurisdiction and proceed to judgment. *Howell,* 899 S.W.2d at 698.

Gonzalez attempted to circumvent the controlling venue statutes in both the Probate Code and the Civil Practice and Remedies Code by first filing her wrongful death suit in a county of improper venue under the Civil Practice and Remedies Code; then filing identical proceedings in Harris County district court, thus invoking the jurisdiction of that court; and then moving the Hidalgo County statutory probate court to transfer the properly filed Harris County proceedings to itself under the Probate Code.

The dominant jurisdiction rule applies, however, only when both courts are *proper forums* for the suit. *See Perry,* 66 S.W.3d at 252. Here, because the venue provisions of the Probate Code are controlled by section 15.007 of the Civil Practice and Remedies Code, the statutory probate court lacked the jurisdiction conferred on it by section 8(e) of the Probate Code to determine venue for proceedings related to estate proceedings. *See First State Bank of Bedias,* 685 S.W.2d at 735–36. Therefore, there is only one proper forum for

Gonzalez's wrongful death suit, the Harris County district court.

Accordingly, I would hold that the Hidalgo County statutory probate court lacked adequate jurisdiction to provide the relief sought and that the Harris County district court initially abused its discretion when it denied Reliant's application for an anti-suit injunction abating the Hidalgo County proceedings, and, in its subsequent order, properly granted the injunction.

## Conclusion

I would affirm the September 6, 2002 order of the Harris County district court granting Reliant's application for an anti-suit injunction.

A majority of the en banc Court voted to deny the motion for rehearing.

MARGARET GARNER MIRABAL,* Justice, dissenting.

This case involves the jurisdiction of a "statutory" probate court. Because I believe the majority is incorrectly treating a "jurisdictional" statute as though it is a "venue" provision, I respectfully dissent.[1]

*Factual Background and Procedural History*

Jannete Gonzalez is the surviving widow and dependent administrator of the estate of her late husband, Guadalupe Gonzalez, Jr., who was killed August 24, 2001, while working at a Reliant power plant in Houston, Texas. The following timeline of events is relevant to the disposition of this case:

September 28, 2001—Gonzalez filed a wrongful death and survival lawsuit against Reliant in Hidalgo County probate court, where her husband's estate was being probated.

October 26, 2001—Reliant filed a motion to transfer venue of the wrongful death and survival suit to Harris County.

December 13, 2001—Reliant's motion to transfer venue was denied.[2]

April 29, 2002—Gonzalez filed in a Harris County district court a lawsuit that asserted the identical claims and sought the same relief as the previously filed Hidalgo County wrongful death and survival lawsuit.

May 9, 2002—In Hidalgo County, Gonzalez filed an "administrator's motion to transfer and consolidate" the Harris County lawsuit with the Hidalgo County case, pursuant to section 5B of the Probate Code.

May 10, 2002—The probate court set a hearing for Gonzalez's transfer and consolidation motion for June 19, 2002.

May 16, 2002—Reliant filed an answer to the Harris County lawsuit and asserted a counterclaim asking the court for an anti-suit injunction, which would prevent Gonzalez from prosecuting the Hidalgo County action.

---

\* The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals, First District of Texas at Houston, continues to sit by assignment on this case.

1. I humbly acknowledge that I, too, was guilty of this same mistake when I authored the original en banc opinion in cause number 01–02–00679–CV, issued on September 6, 2002. However, as a result of the briefing on rehearing, I have come to see the error of my ways.

2. Reliant sought mandamus relief from the Corpus Christi Court of Appeals, and the petition was denied without opinion. *In re Reliant Energy, Inc.*, No. 13–02–00073–CV (Tex. App.-Corpus Christi, February 1, 2002, orig. proceeding). We note that, as a general rule, non-mandatory venue determinations are not reviewable by mandamus. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 215–16 (Tex. 1999).

May 16, 2002—The district court set a hearing on Reliant's request for an anti-suit injunction for June 3, 2002.

May 20, 2002—Gonzalez amended her motion to transfer and consolidate, advising the Hidalgo County probate court of the upcoming hearing in the Harris County district court.

May 20, 2002—The Hidalgo County probate court rescheduled the June 19, 2002 hearing for May 30, 2002.

May 22, 2002—Reliant sought a temporary restraining order in the Harris County district court in order to prevent Gonzalez from proceeding with her motion to transfer and consolidate until after the June 3 temporary injunction hearing in Harris County.

May 23, 2002—Judge George C. Hanks, sitting as the ancillary judge for the Harris County district courts, granted Reliant's request for a temporary restraining order.[3]

May 23, 2002—In the Hidalgo County probate court, Reliant filed a motion to abate.

May 28, 2002—In Hidalgo County, Gonzalez filed a "Request to Pass the May 30, 2002 Hearing on Second Motion to Transfer and Consolidate and Have the Hearing Rescheduled until after June 3, 2002."

May 29, 2002—Reliant filed a "Motion to Continue Administrator's Motion to Transfer" with the Hidalgo County probate court.

May 30, 2002—The Hidalgo County probate court held a hearing on Gonzalez's motion to transfer and consolidate as well as Reliant's motion for continuance and abatement. The court signed a "Transfer of Proceeding Order" that transferred and consolidated the Harris County case with the Hidalgo County case.[4] Reliant's motions for continuance and abatement were denied.

June 3, 2002—Harris County District Court Judge Patricia Hancock held a hearing on Reliant's application for a temporary injunction.

June 26, 2002—Reliant's request for temporary injunction was denied.

On appeal in Cause No. 01–02–00679–CV, Reliant presents the following issue: Did the Harris County district court abuse its discretion in failing to issue a temporary injunction to protect its dominant jurisdiction from identical proceedings in the Hidalgo County probate court and to prevent Gonzalez's attempt to circumvent the anti-forum shopping policies behind the venue statutes?

### Conflict

As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other case should abate. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex.2001). This rule applies when the parties have a "choice of forums," *i.e.*, when both courts are proper forums for the suit. *See id.*

In this case, both the Harris County district court and the Hidalgo County pro-

---

**3.** The TRO ordered Gonzalez not to set a hearing on her motion to transfer and consolidate until after the June 3 hearing; it also commanded Gonzalez to contact the Hidalgo County probate court and have the May 30 hearing rescheduled to a later date.

**4.** Reliant sought review of this order by petition for writ of mandamus filed in the Corpus Christi Court of Appeals. That petition was also denied without opinion. *In re Reliant Energy, Inc.*, No. 13–02–00409–CV (Tex.App.-Corpus Christi, July 23, 2002, orig. proceeding).

bate court (a **statutory probate court**)[5] had subject matter jurisdiction over Gonzalez's wrongful death claim. *See* TEX. PROB.CODE ANN. § 5A(c)(1) (Vernon 2003) ("**statutory probate court** has concurrent jurisdiction with the district court in all actions ... by or against a person in the person's capacity as a personal representative ....") (emphasis added). However, the legislature has specifically provided that, "In situations where the jurisdiction of a **statutory probate court** is concurrent with that of a district court, any cause of action *appertaining to estates or incident to an estate*[6] shall be brought in a **statutory probate court** rather than in the district court." TEX. PROB.CODE ANN. § 5A(b) (Vernon 2003) (emphasis added). Further, the legislature has specifically provided that a judge of a **statutory probate court** may transfer from a district court to the **statutory probate court,** on motion, "a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party." TEX. PROB.CODE ANN. § 5B (Vernon 2003).[7]

Thus, Gonzalez argues, the Hidalgo County Probate Court, a **statutory probate court,** does have "dominant jurisdiction" over this wrongful death case, and therefore the Harris County district court properly denied the application for an anti-suit injunction.

Reliant responds that, because this is a suit by an executor for *wrongful death,*

the venue provisions of the Civil Practice and Remedies Code control over the provisions of the Probate Code, and the suit must remain in the Harris County district court. Reliant relies on Civil Practice and Remedies Code section 15.007, which states, in relevant part, as follows:

> [T]o the extent that venue under this chapter for a suit *by* or against an *executor,* administrator, or guardian as such, *for personal injury, death, or property damage* conflicts with venue provisions under the Texas Probate Code, this chapter controls.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.007 (Vernon 2002) (emphasis added). It is Reliant's position that, by enacting section 15.007, the legislature has carved out three exceptions to the rule that claims by an estate are to be brought in the county **statutory probate court** where the estate is pending.

*Analysis*

It did not become clear that probate courts have jurisdiction over wrongful death and survival claims until 1992, when the Texas Supreme Court issued its opinion in the *Palmer* case. *See Palmer,* 851 S.W.2d at 181 (stating that, even though legislature amended section 5A of Probate Code in 1985 to give probate courts jurisdiction of such claims, many courts of appeals continued to hold probate courts had no such jurisdiction). After the 1992 clarification, the Texas Legislature, in 1995, passed into law section 15.007 of the Civil Practice and Remedies Code that deals

---

5. TEX. GOV'T CODE ANN. § 25.1101 (Vernon Supp.2003).

6. The phrases "appertaining to estates" and "incident to an estate" include all claims by or against an estate, including wrongful death and survival actions. *See Palmer v. Coble Wall Trust Co., Inc.,* 851 S.W.2d 178, 182 (Tex.1992).

7. The legislature amended section 5B in 1999 to conform with the jurisdictional grant in section 5A. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, sec. 5B, 1999 Tex. Gen. Laws 4876; *see also In re Ramsey,* 28 S.W.3d 58, 63 (Tex.App.-Texarkana 2000, orig. proceeding).

strictly with three types of lawsuits, i.e., "for personal injury, death, or property damage." When suit is brought by an executor or administrator "for personal injury, death, or property damage," the venue provisions of chapter 15 of the Civil Practice and Remedies Code control over conflicting **venue** provisions under the Probate Code. TEX. CIV. PRAC. & REM.CODE ANN. § 15.007 (*added by* Act of May 4, 1995, 74th Leg., R.S., ch. 138, § 1, sec. 15.007, 1995 Tex. Gen. Laws 978, 980).

Reliant argues that, because this is a wrongful death suit, section 15.007 controls, and that to hold otherwise would render section 15.007 meaningless. However, Reliant fails to note the important distinction between **statutory probate courts** and **county courts and district courts having probate jurisdiction.**[8] There are only 10 counties in Texas that have **statutory probate courts,** those 10 being among the most populous Texas counties. The legislature, in its apparent wisdom, has decided that those courts have *dominant jurisdiction* in cases such as this. *See* TEX. PROB.CODE ANN. §§ 5A(b), 5B; *In re J7S, Inc.,* 979 S.W.2d 374, 378 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) (noting, in case involving **statutory probate court,** that sections 5A(b) and 5B are **jurisdictional** statutes, not venue provisions); *see also In re Houston Northwest Partners, Ltd.,* 98 S.W.3d 777, 779–80 (Tex.App.-Austin 2003, orig. proceeding) (personal injury case noting that virtually every appellate court that has considered sections 5B or 608 of Probate Code has deemed transfer provisions to be jurisdictional statutes, *not* venue provisions that would be governed by section 15.007); *Greathouse v. McConnell,* 982 S.W.2d 165, 171 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *In re Ford Motor Co.,* 965 S.W.2d 571, 575 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding); *Lanier v. Stem,* 931 S.W.2d 1, 3 (Tex.App.-Waco 1996, orig. proceeding); *Henry v. LaGrone,* 842 S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding); *First State Bank of Bedias v. Bishop,* 685 S.W.2d 732, 735–37 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.).

As for the remaining 244 counties (out of 254 counties total), section 15.007 is effective. The Probate Code specifically addresses proceedings in "Constitutional County Courts" and "Statutory County Courts at Law" **separately** from the provisions regarding proceedings in **statutory probate courts.** *Compare* TEX. PROB.CODE ANN. § 5A(a) *with* TEX. PROB.CODE ANN. § 5A(b), (c). Unlike the provisions dealing with **statutory probate courts,** section 5A(a) does **not** address the issue of which court should handle a claim by an estate when both the district court and the "Constitutional County Court" or "Statutory County Court at Law" has jurisdiction.

---

**8.** I acknowledge that in our withdrawn September 6, 2002 en banc opinion I failed to distinguish between **statutory probate courts** and **county courts and district courts having probate jurisdiction,** a distinction that makes a difference. *See Palmer,* 851 S.W.2d at 180 n. 3 (discussing complexities of Texas probate jurisdiction). In our withdrawn opinion we mistakenly relied heavily on *Tovias v. Wildwood Props. P'ship, L.P.,* 67 S.W.3d 527, 529 (Tex.App.-Houston [1st Dist.] 2002, no pet.), which did **not** involve a **statutory probate court.** A county court at law exercising pro-

bate jurisdiction is not a **statutory probate court** unless the court is designated as a **statutory probate court** under Chapter 25 of the Government Code. TEX. PROB.CODE ANN. § 3(ii) (Vernon Supp.2003). Currently, out of 254 counties in Texas, only the following 10 large counties have **statutory probate courts:** Bexar, Collin, Dallas, Denton, El Paso, Galveston, Harris, Hidalgo, Tarrant, and Travis. TEX. GOV'T CODE ANN. §§ 25.071, .0451, .0591, .0631, .731, .861, .1031, .1101, .2221, .2291 (Vernon Supp.2003).

The venue provisions dealing with decedents' estates in the Probate Code appear in sections 6 and 8. TEX. PROB.CODE ANN. §§ 6, 8 (Vernon 2003).[9] Under section 6, venue for the administration of a decedent's estate is proper:

(1) in the county where the deceased resided;

(2) if the deceased did not reside in Texas, but died in Texas, then either

(a) in the county where his principal property was at the time of his death, or

(b) in the county where he died;

(3) if the decedent did not reside in Texas and did not die in Texas, then (a) in any county in Texas where his nearest of kin resides, or (b) if the decedent had no kindred in Texas, then in the county where his principal estate was situated at the time of his death.

(4) When administration is for the purpose only of receiving funds due from a governmental source, then in the county where the applicant resides.

TEX. PROB.CODE ANN. § 6 (Vernon 2003).

Section 8 of the Probate Code addresses the following matters:

(a) **Concurrent Venue** (Procedure when two or more courts have concurrent venue of an estate—providing that "the court in which application for probate proceedings thereon is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts. . . .");

(b) **Proceedings in More Than One County** (providing for stay of proceedings except in county where

first commenced, and providing for determination of proper venue);

(c) **Transfer of Proceeding** (dealing with transfers for want of venue and for convenience of estate);

(d) **Validation of Prior Proceedings** (providing for validity of orders entered prior to transfer to another county);

(e) **Jurisdiction to Determine Venue** (authorizing court in which an application for probate is filed to determine venue).

*See* TEX. PROB.CODE ANN. § 8 (Vernon 2003).

In the present case, if the probate court of Hidalgo County was **not a statutory probate court,** then, according to legislative mandate, Reliant would be entitled to have this *wrongful death suit* transferred to Harris County because Reliant's principal place of business is in Harris County, and Reliant timely asserted its claim of right to be sued in Harris County. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.002(a), 15.007 (Vernon 2002). However, the probate court of Hidalgo County **is a statutory probate court,** and therefore, according to legislative mandate, even though the two courts have concurrent jurisdiction, this wrongful death action "shall be brought" in the Hidalgo County **statutory probate court** "rather than" the Harris County district court. *See* TEX. PROB.CODE ANN. §§ 5A(b), 5B. Again, I emphasize that sections 5A(b) and 5B of the Probate Code, dealing with **statutory probate courts,** are **jurisdictional** statutes, not venue provisions. *See In re Houston Northwest Partners, Ltd.,* 98 S.W.3d at 780; *In re J7S,* 979 S.W.2d at 378; *Greathouse,* 982 S.W.2d at 171; *In re Ford,* 965

---

9. It is uncontested that the probate of the estate of Gonzalez's husband was filed in the proper county, in accordance with the venue provisions in the Probate Code. Hidalgo county is the county where the deceased resided.

S.W.2d at 575; *Lanier*, 931 S.W.2d at 3; *Henry*, 842 S.W.2d at 327; *Bishop*, 685 S.W.2d at 735–37. This conclusion is bolstered by the recent Texas Supreme Court decision in *In re SWEPI, L.P.*, where the court treated section 5B as a "jurisdiction" statute, not as a venue provision. 85 S.W.3d 800, 801, 809 (Tex.2002).

*Conclusion*

The trial court properly applied the law to the established facts of this case when it originally denied the application for an anti-suit injunction. When we reversed the trial court's order and issued our September 6, 2002 opinion, the trial court on remand granted Reliant's application for a temporary anti-suit injunction in compliance with our directive. I, the author of the September 6, 2002 opinion, am now convinced that the trial court was right from the beginning, and we were wrong.[10]

Accordingly, we should grant Gonzalez's motion for rehearing in cause number 01–02–00679–CV and affirm the order denying the application for a temporary anti-suit injunction. Correspondingly, in cause number 01–02–01054–CV, we should reverse the order granting Reliant's application for a temporary anti-suit injunction, dissolve the temporary injunction, and remand this cause for further proceedings.

JACKSON B. SMITH, JR.,* Justice, dissenting.

I respectfully dissent from the majority opinion affirming the trial court's order granting Reliant's application for a temporary anti-suit injunction.

I join Justice Mirabal's dissent, and I write separately to emphasize that, when the legislature enacted sections 5A and 5B of the Probate Code,[1] I believe it intended to place all matters "pertaining to and incidental to an estate" in the probate courts. I believe that, until now, all courts have agreed with this conclusion.

To insure that its intent was made clear and properly enforced, the legislature authorized the statutory probate court to transfer to itself any cases pertaining to or incidental to an estate pending in other courts, specifically district courts. It appears that this authorization to transfer gave the court the authority to transfer from any court in Texas a case or cases to itself because the statute does not restrict the authorization to courts located in the same county as the probate court ordering the transfer. Thus, the effect of the statute is to confer venue on the statutory probate court for the entire state on matters pertaining to or incidental to an estate.

To hold that the statutory probate court in Hidalgo County in this case does not have venue, as the majority states, would, in effect, mean that such court could only transfer to itself cases from other courts located in Hidalgo County. This, I believe, defeats the intent of the legislature.

To the contention that section 15.007 of the Civil Practice and Remedies Code[2] conflicts with and controls over provisions in the Probate Code pertaining to venue, I see no conflict because there are no venue provisions in the Probate Code applicable to this case. The legislature has made it

---

10. Let there be no doubt that motions for rehearing are carefully read and considered in the First Court of Appeals.

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Tex. Prob.Code Ann. §§ 5A, 5B (Vernon 2003).

2. Tex Civ. Prac. & Rem.Code Ann. § 15.007 (Vernon 2002).

clear that it wants all matters pertaining to and incidental to an estate placed under the "umbrella" and authority of statutory probate courts. So be it.

For these reasons, I believe the September 6, 2002 order of the trial court should be reversed, and I dissent from the majority opinion.