Guillermo TOVIAS, Individually and as Representative of the Estate of Guillermo Tovias, Jr., Deceased, and Juanita Tovias, Appellants,

v.

WILDWOOD PROPERTIES PARTNERSHIP, L.P., Appellee.

No. 01–00–01248–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 2002.

Ronald J. Kormanik, Verner Liipert Berhnard McPherson and Hand, Houston, for Appellant.

Eileen Marie Leeds, Willette & Guerra Llp, Brownsville, for Appellee.

Panel consists of Justices COHEN, NUCHIA, and PRICE.[1]

## OPINION

MURRY B. COHEN, Justice.

This is an appeal from an order granting appellee's plea to the jurisdiction. We reverse and remand.

### PROCEDURAL BACKGROUND

On August 26, 1997, appellants ("the Toviases") filed a declaration of heirship in the Cameron County Court at Law No. 2. Then, in September 1997, the Toviases filed a wrongful death suit against multiple defendants in the same Cameron County court and under the same cause number. In July 1999, the Toviases filed the suit underlying this appeal, a wrongful death suit in Harris County district court, alleging the same facts and causes of action as in the Cameron County wrongful death suit. The Harris County suit named five defendants, three of whom had already been sued in Cameron County. The Toviases added appellee ("Wildwood") as an additional defendant. Wildwood filed a plea to the jurisdiction to contest the Harris County district court's subject matter jurisdiction. The trial judge granted Wildwood's plea, ordered the suit against Wildwood dismissed, and granted Wildwood's motion to sever.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## PLEA TO THE JURISDICTION

The Toviases contend the trial judge erred by granting Wildwood's plea to the jurisdiction and dismissing the case. We agree.

■ Districts courts are courts of general jurisdiction. TEX. CONST. Art. V, § 8; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000). Thus, the Harris County district court had subject matter jurisdiction over the wrongful death suit filed there. Consequently, Wildwood's plea to the jurisdiction was improperly granted.

The Cameron County Court at Law No. 2 is a statutory county court having probate jurisdiction. TEX. GOV'T CODE ANN. § 25.0332(a) (Vernon Supp.2002). Consequently, that court also had subject matter jurisdiction over the wrongful death lawsuit filed there. TEX. PROB.CODE ANN. §§ 5A, 5A(a) (Vernon Supp.2002).

■ A plea to the jurisdiction is a proper plea to challenge a court's subject matter jurisdiction. *Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985). Neither court had exclusive subject matter jurisdiction; each had concurrent subject matter jurisdiction. Thus, *Speer* is distinguishable because in *Speer*, the district court expressly concluded that it lacked subject matter jurisdiction. *Id.* at 23. Here, the district court made no such express finding, and any implicit finding of exclusive subject matter jurisdiction would have been erroneous, for the reasons stated above.

■ Because the Toviases' filed their suit first in the Cameron County Court at Law No. 2, that court acquired dominant jurisdiction over the subject matter to the exclusion of the Harris County district court. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex.1988); *Clawson v. Millard*, 934 S.W.2d 899, 900 (Tex. App.-Houston [1st Dist.] 1996, orig. proceeding). The proper procedure for asserting dominant jurisdiction in such circumstances is a plea in abatement. *See Wyatt*, 760 S.W.2d at 248; *Clawson*, 934 S.W.2d at 900. The distinction matters because of the different relief available— dismissal when granting a plea to the jurisdiction versus abatement when granting a plea in abatement. *Speer*, 685 S.W.2d at 23. Wildwood was not entitled to the greater remedy of dismissal because the Harris County district court had subject matter jurisdiction and may have been able to exercise it, if, for example, the impediment of the prior filed Cameron County suit were removed. *Id.* (sustaining a plea in abatement requires that the claim be abated "until the removal of some impediment" to the exercise of concurrent jurisdiction). That is why the Supreme Court in *Wyatt* and this Court in *Clawson* granted relief limited to abatement and granted even that lesser relief "pending final disposition" of the first filed suit. *Wyatt*, 760 S.W.2d at 246; *Clawson*, 934 S.W.2d at 901.

Because the Harris County district court had concurrent subject matter jurisdiction, the judge erred by granting the plea to the jurisdiction and dismissing the case. We are not suggesting that the trial court, upon remand, is required to grant a plea in abatement, if Wildwood files one. That will depend on the evidence, which may show, as in *Clawson v. Millard*, that the second court should not defer to the court in which the plaintiff filed first. *See* 934 S.W.2d at 901. Those evidentiary and discretionary matters are for the district judge, not us, to decide.

The judgment is reversed, and the cause is remanded to the district court.