Opinion issued September 6, 2002















In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00679-CV






RELIANT ENERGY, INCORPORATED, Appellant


V.


JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2002-21820






EN BANC OPINION


 This is an accelerated, interlocutory appeal from the denial of an application
for an anti-suit injunction. This case addresses the scope of a statutory probate
court's jurisdiction. We reverse.

Factual Background and Procedural History

 Jannete Gonzalez is the surviving widow and dependent administrator of the
estate of her late husband, Guadalupe Gonzalez, Jr., who was killed August 24, 2001,
while working at a Reliant Energy power plant in Houston, Texas. The following
time line of events is relevant to the disposition of this case.


 -September 28, 2001 - Gonzalez filed a wrongful death and survival lawsuit
against Reliant in Hidalgo County probate court, where her husband's estate
was being probated. 




 -October 26, 2001 - Reliant filed a motion to transfer venue of the wrongful
death and survival suit to Harris County. 

 -December 13, 2001 - Reliant's motion to transfer venue was denied. (1) 

 -April 29, 2002 - Gonzalez filed in a Harris County district court, a lawsuit that
asserted the identical claims and sought the same relief as the previously filed
Hidalgo County wrongful death and survival lawsuit. 

 -May 9, 2002 - In Hidalgo County, Gonzalez filed an "administrator's motion
to transfer and consolidate" the Harris County lawsuit with the Hidalgo County
case, pursuant to Section 5B of the Probate Code. 

 -May 10, 2002 - The probate court set a hearing for Gonzalez's transfer and
consolidation motion for June 19, 2002.

 -May 16, 2002 - Reliant filed an answer to the Harris County lawsuit and
asserted a counterclaim asking the court for an anti-suit injunction, which
would prevent Gonzalez from prosecuting the Hidalgo County action. 

 -May 16, 2002 - The district court set a hearing on Reliant's request for an anti-suit injunction for June 3, 2002.

 -May 20, 2002 - Gonzalez amended her motion to transfer and consolidate, 
advising the Hidalgo County probate court of the upcoming hearing in the
Harris County district court.

 -May 20, 2002 - The Hidalgo County probate court rescheduled the June 19,
2002 hearing for May 30, 2002.

 -May 22, 2002 - Reliant sought a temporary restraining order in the Harris
County district court in order to prevent Gonzalez from proceeding with her
motion to transfer and consolidate until after the June 3 temporary injunction
hearing in Harris County.

 -May 23, 2002 - Judge Hanks, sitting as the ancillary judge for the Harris
County district courts, granted Reliant's request for a temporary restraining
order. (2)

 -May 23, 2002 - In the Hidalgo County probate court, Reliant filed a motion to
abate.

 -May 28, 2002 - In Hidalgo County, Gonzalez filed a "Request to Pass the May
30, 2002 Hearing on Second Motion to Transfer and Consolidate and Have the
Hearing Rescheduled until after June 3, 2002."

 -May 29, 2002 - Reliant filed a "Motion to Continue Administrator's Motion
to Transfer" with the Hidalgo County probate court.

 -May 30, 2002 - The Hidalgo County probate court held a hearing on
Gonzalez's motion to transfer and consolidate as well as Reliant's motion for
continuance and abatement. The court signed a "Transfer of Proceeding
Order" that transferred and consolidated the Harris County case with the
Hidalgo County case. (3) Reliant's motions for continuance and abatement were
denied.

 -June 3, 2002 - Harris County District Court Judge Patricia Hancock held a
hearing on Reliant's application for a temporary injunction.

 -June 26, 2002 - Reliant's request for temporary injunction was denied.



 On appeal, Reliant presents the following issue: Did the Harris County district
court abuse its discretion in failing to issue a temporary injunction to protect its
dominant jurisdiction from identical proceedings in the Hidalgo County probate court
and to prevent Gonzalez's attempt to circumvent the anti-forum shopping policies
behind the venue statutes? 

Anti-suit Injunctions

 Texas state courts have the power to restrain persons from proceeding with
suits filed in other courts of this state by granting what is called an "anti-suit
injunction." Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986). The general rule
is that, when a suit is filed in a court of competent jurisdiction, in an appropriate case
that court is entitled to proceed to judgment and may protect its jurisdiction by
enjoining the parties to a suit filed in another court of this state. Id. at 305-306. 

Standard of Review

 The decision to grant or deny an anti-suit injunction is reviewed under an abuse
of discretion standard. Gannon, 706 S.W.2d at 305. A trial court abuses its
discretion when it misapplies the law to the established facts of the case. See Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

Conflict

 As a general rule, when cases involving the same subject matter are brought in
different courts, the court with the first-filed case has dominant jurisdiction and
should proceed, and the other case should abate. Perry v. Del Rio, 66 S.W.3d 239,
252 (Tex. 2001). This rule applies when both courts are proper forums for the suit. 
Id.

 In this case, both the Harris County district court and the Hidalgo County
probate court had subject matter jurisdiction over Gonzalez's wrongful death claim. 
See Palmer v. Coble Wall Trust Co., Inc., 851 S.W. 2d 178, 182 (Tex. 1992) (probate
courts have jurisdiction over wrongful death and survival actions); Tovias v.
Wildwood Properties Partnership, L.P., 67 S.W.3d 527, 529 (Tex. App.--Houston
[1st Dist.] 2002, no pet.) (holding district courts and probate courts have concurrent
subject matter jurisdiction over wrongful death actions, and that neither court has
exclusive jurisdiction); Tex. Prob. Code Ann. § 5A (c)(1) (Vernon Supp. 2002)
("statutory probate court has concurrent jurisdiction with the district court in all
actions . . . by or against a person in the person's capacity as a personal
representative. . .").

 Under the general venue statute, Harris County is a county of proper venue
because Reliant's principal place of business is in Harris County, and Reliant timely
asserted its right to be sued in Harris County. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.002 (a) (Vernon Supp. 2002). Hidalgo County is not a county of proper
venue under the venue provisions of the Civil Practice and Remedies Code. 
However, the Hidalgo County probate court ruled that it was the proper forum for this
litigation under sections 5A and 5B of the Probate Code. Tex. Prob. Code Ann. §§
5A, 5B (Vernon Supp. 2002).

 The issue in this case is the proper construction to be given to seemingly
conflicting provisions of the Probate Code and the Texas Civil Practice and Remedies
Code. 



Rules of Statutory Construction

 Matters of statutory construction are questions of law for the court to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). Our objective in
construing a statute is to determine and give effect to the intent of the lawmaking
body. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex.
1998). In so doing, we look first to the plain and common meaning of the statute's
words. Id; see also Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864,
865 (Tex. 1999). We should not adopt a construction that would render a law or
provision absurd or meaningless. See Chevron Corp. v. Redmon, 745 S.W.2d 314,
316 (Tex. 1987); Mueller v. Beamalloy, 994 S.W.2d 855, 860 (Tex. App.--Houston
[1st Dist.] 1999, no pet.). 

Statutory Provisions

 Gonzalez argues that the following Probate Code provisions control, and that
the case should be tried in the Hidalgo County probate court:

 Section 5A(b)

 . . . In situations where the jurisdiction of a statutory
probate court is concurrent with that of a district court, any
cause of action appertaining to estates or incident to an
estate shall be brought in a statutory probate court rather
than in the district court. (4)


Tex. Prob. Code Ann. § 5A(b) (Vernon Supp. 2002). 


 Section 5B 

 A judge of a statutory probate court, on the motion of a
party to the action or on the motion of a person interested
in an estate, may transfer to his court from a district . . .
court a cause of action appertaining to or incident to an
estate pending in the statutory probate court or a cause of
action in which a personal representative of an estate
pending in the statutory probate court is a party and may
consolidate the transferred cause of action with the other
proceedings in the statutory probate court relating to that
estate. 


Tex. Prob. Code Ann. § 5B (emphasis added). 

 Reliant argues that, because this is a suit by an executor for wrongful death,
the venue provisions of the Civil Practice and Remedies Code control over the
provisions of the Probate Code, and the suit must remain in the Harris County district
court. Section 15.007 states in relevant part:

 [T]o the extent that venue under this chapter for a suit by
or against an executor, administrator, or guardian as such,
for personal injury, death, or property damage conflicts
with venue provisions under the Texas Probate Code, this
chapter controls. 


Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (Vernon Supp. 2002) (emphasis
added). It is Reliant's position that, by enacting section 15.007, the legislature has
carved out three exceptions to the general rule that claims by an estate must be
brought in probate court.

 Thus, the determinative issue presented is whether sections 5A and 5B of the
Probate Code provide for "dominant jurisdiction" of this wrongful death action in the
probate court, or whether these provisions are subject to the limiting language of
section 15.007 of the Civil Practice and Remedies Code. We note that this Court in
Tovias specifically held that probate courts do not have "exclusive" subject matter
jurisdiction over wrongful death lawsuits. 67 S.W.3d at 529.

Analysis

 "Jurisdiction" deals with the power of a court to determine an action involving
a particular subject matter as between the parties and to render a certain judgment. 
See National Life Co. v. Rice 167 S.W.2d 1021, 1024 (1943); 2 McDonald, Texas
Civil Practice, § 6:2 (1992). "Venue" deals with the propriety of prosecuting a suit
involving a given subject matter and specific parties in a particular county. See
National Life, 167 S.W.2d at 1025; 2 McDonald, Texas Civil Practice at § 6:2. 
The principal distinction is that the parties cannot waive a lack of jurisdiction of the
subject matter, but either may waive a rule of venue favorable to itself. Nipper v. U-Haul Co. of San Antonio, 516 S.W.2d 467, 470 (Tex. App.--Beaumont 1974, no
writ); 2 McDonald, Texas Civil Practice, § 6:2 (1992).

 It did not become clear that probate courts have jurisdiction over wrongful
death and survival claims until 1992, when the Texas Supreme Court issued its
opinion in the Palmer case. See Palmer, 851 S.W.2d at 181 (stating that, even though
the legislature amended section 5A of the Probate Code in 1985 to give probate
courts jurisdiction of such claims, many courts of appeals continued to hold probate
courts had no such jurisdiction). After the clarification in 1992, the Texas legislature,
in 1995, passed into law section 15.007 of the Civil Practice and Remedies Code that
deals strictly with three types of lawsuits, "for personal injury, death, or property
damage." When suit is brought by an executor or administrator "for personal injury, 
death, or property damage," the venue provisions of chapter 15 of the Civil Practice
and Remedies Code control over conflicting venue provisions under the Probate
Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (Vernon Supp. 2002) (added by
Act May 4, 1995, 74th Leg., R.S., ch. 138, § 1, sec. 15.007, 1995 Gen. Laws 978,
980). The effect of the 1995 statute has been described as follows:

 The 1995 Texas Legislature made substantial amendments
and additions to the venue provisions of the Civil Practice
and Remedies Code. The most important of these changes,
for estate administration purposes, is that the determination
of proper venue for an action by or against a personal
representative for personal injury, death, or property
damage is no longer made under the Probate Code, but
rather under §15.007 of the Civil Practice & Remedies
Code.


17 Texas Practice, Probate and Decedents' Estates, § 11 (1971 & Supp.
2002).

 Forum shopping is against public policy, as reflected by the
changes in venue law as part of last year's [1995] tort
reform legislation. Particularly, section 15.007, which
appears to be a legislative attempt to clarify and reiterate
probate court jurisdiction over tort suits, prevents plaintiffs
from . . . transferring such suits (forum shopping) to
probate court in contravention of the venue statutes. 


DB Entertainment, Inc. v. Windle, 927 S.W.2d 283, 288 (Tex. App.--Fort Worth
1996, orig. proceeding). (5)

 In the present case, Reliant preserved its right under the venue statute to have
suit brought in Harris County, and Gonzalez subsequently filed suit in Harris County. 

This case is distinguishable from cases such as In re Ramsey, Lanier v. Stem, and
Henry v. LaGrone (6) in which the courts held that certain venue provisions under the
Civil Practice and Remedies Code were trumped by the transfer provision of section
5B of the Probate Code. The controlling difference is that none of those cases were
suits for wrongful death, personal injury or property damage. None of those cases
dealt with Section 15.007, in which the Texas legislature specifically mentioned the
Probate Code and said that in three types of cases only, suits for "personal injury,
death, or property damage," the proper county for suit was to be determined in
accordance with the Civil Practices and Remedies Code, not the Probate Code. 

 We conclude that, because this is a wrongful death suit, section 15.007
controls. To hold otherwise would render section 15.007 meaningless, and, under
established rules of statutory construction, we should not adopt a construction that
would render a law absurd or meaningless. See Redmon, 745 S.W.2d at 316; Mueller,
994 S.W.2d at 860. (7) 



Conclusion

 We hold that Section 15.007 of the Texas Civil Practice and Remedies Code
precludes the transfer of this wrongful death suit to the Hidalgo County probate court. 
Although the Hidalgo County probate court has concurrent jurisdiction with the
Harris County district court, the Hidalgo County probate court does not have
dominant jurisdiction because it is not a "proper forum" for the suit in light of
Reliant's assertion of its right to be sued in Harris County. See Perry, 66 S.W.3d at
252 (stating that, when cases involving the same subject matter are brought in
different courts with concurrent jurisdiction, we look to whether both courts are
proper forums for the suit in determining which has dominant jurisdiction).

 Accordingly, the Harris County district court abused its discretion when it
denied Reliant's application for an anti-suit injunction. We reverse the order of the
trial court and remand this cause to the trial court with instructions to grant the
temporary injunction in keeping with this opinion.

 All pending motions are denied as moot.

 


 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (8)

Justice Mirabal dissented from the panel's decision to affirm the trial court's order.

En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted for en banc consideration of the panel's decision. See
id.


The en banc Court consists of Justices Mirabal, Taft, Nuchia, Jennings, Radack,
Keyes, Alcala, and Smith.


Justice Mirabal, writing for the majority of the en banc Court, joined by Justices
Nuchia, Jennings, Radack, Keyes, and Alcala. See Tex. R. App. P. 47.5.


Justice Smith, joined by Justice Taft, dissenting from the judgment of the en banc
Court. See id.


Chief Justice Schneider and Justice Hedges not participating. See id.



Publish. Tex. R. App. P. 47.
1. Reliant sought mandamus relief from the Corpus Christi Court of Appeals, and
its was denied without opinion. In Re Reliant Energy, Inc., No. 13-02-00073-CV (Tex. App.--Corpus Christi, February 1, 2002). We note that, as a general
rule, non-mandatory venue determinations are not reviewable by mandamus. 
In re Missouri Pac. R.R. Co, 998 W.W.2d 212, 215-16 (Tex. 1999). 
2. The TRO ordered Gonzalez not to set a hearing on her motion to transfer and
consolidate until after the June 3 hearing, it also commanded Gonzalez to
contact the Hidalgo County probate court and have the May 30 hearing
rescheduled to a later date.
3. Reliant attempted to mandamus the trial judge for signing the transfer order in
the Corpus Christi Court of Appeals, but it was denied on July 23, 2002.
4. The phrases "appertaining to estates" and "incident to an estate" include all
claims by or against an estate. Tex. Probate Code Ann. § 5A(b) (Vernon
Supp. 2002). 
5. We note that this court, in Greathouse v. McConnell, was critical of other
portions of the opinion in DB Entertainment, but we did not address the
statements about Section 15.007; Greathouse did not involve wrongful death
and survivor claims. Greathouse v. McConnell, 982 S.W.2d 165, 169-71 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). 
6. In re Ramsey, 28 S.W.3d 58, 59-60 (Tex. App.--Texarkana 2000, no pet.);
Lanier v. Stem, 931 S.W.2d 1, 2-3 (Tex. App.--Waco 1996, orig. proceeding);
Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex. App.--Amarillo 1992, orig.
proceeding).
7. We are aware that our sister court has expressed a contrary view in dicta in In
Re J7S Inc., but that case was for recovery of land and not for personal injury,
death, or property damage; the court correctly held that Section 15.007 was
inapplicable. In Re J7S Inc., 979 S.W.2d 374, 378 (Tex. App.--Houston [14th
Dist.] 1998, orig. proceeding). 
8. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.