Opinion issued November 26, 2008

 



 


    




In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00186-CV
____________

KENNETH LEON FRENCH, NANCY JANE FRENCH, 
AND KAREN LYN FRENCH, 
Appellants

V.

TRACY A. GILBERT, JOE M. ENIS, C. SCOTT WONDERLY, AND
GILBERT, ENIS & WONDERLY, P.C., Appellees




On Appeal from the 152nd District Court
 Harris County, Texas
Trial Court Cause No. 2005-69079



 
MEMORANDUM OPINION

          Appellants, Kenneth Leon French, Nancy Jane French, and Karen Lyn French,
(“the Frenches”) appeal the trial court’s judgment of dismissal of their malpractice
lawsuit against Tracy A. Gilbert, Joe M. Enis, C. Scott Wonderly, and Gilbert, Enis
& Wonderly, P.C. (“the Firm”) (collectively “appellees”), filed in Harris County. 
Upon the motions of Wonderly, Gilbert, and the Firm for abatement, the trial court
dismissed the Frenches’ case against all appellees without prejudice, so that the
parties might resolve their claims in a previously filed action in Montgomery County. 
We determine whether the trial court abused its discretion in granting the motions to
abate and entering the judgment of dismissal.



           We affirm.
Background
          The Frenches hired appellees to represent them in a lawsuit brought against
them in Harris County, by Leroy Moore, for unjust enrichment and conversion and
in eviction actions that they brought against Moore in Harris County (collectively
“the Moore litigation”). All claims were ultimately consolidated into one lawsuit in
which, after a trial before the court on October 3, 2002, judgment was rendered
against the Frenches for damages and attorney’s fees and Moore was ordered to
vacate the properties that were the subject of the eviction actions. The following
events then transpired:
June 21, 2005 – The Frenches, through counsel, sent a letter to
appellees providing notice of intent to file a lawsuit to collect
unspecified damages arising from appellees’ legal malpractice, breach
of fiduciary duty, negligence, negligent misrepresentation, fraud, and
breach of contract related to appellees’ representation of the Frenches
in the Moore litigation. A return receipt in the record indicates that the
letter was received by appellees on June 22, 2005. 
 
June 24, 2005 – The Firm filed a lawsuit against Kenneth and Nancy
French in the 284th District Court of Montgomery County


 (“the
Montgomery County action”), cause number 05-06-05720-CV, for
recovery of attorneys’ fees arising out of legal services provided
“regarding various separate lawsuits.” The record does not reflect when
citation was requested or issued. 
 
October 28, 2005 – The Frenches filed a lawsuit against appellees in the
152nd District Court of Harris County, cause number 2005-69079,(“the
Harris County action”)


 raising claims of negligence, breach of fiduciary
duty, common law fraud, breach of contract, negligent
misrepresentation, and violations of the Texas Deceptive Trade
Practices–Consumer Protection Act.


 
October 31, 2005 – Citation issued against all appellees in the Harris
County action. 
 
November 3, 2005 – Gilbert and the Firm were served with citation in
the Harris County action. 
 
November 4, 2005 – Kenneth and Nancy French were served with
citation in the Montgomery County action. 
 
November 28, 2005 – Gilbert and the Firm filed an answer in the Harris
County action, and Kenneth and Nancy French filed an answer in the
Montgomery County action. 
    
          On December 5, 2005, Gilbert and the Firm filed a joint, verified motion to
abate the Harris County action, asking that the Frenches’ action be dismissed, or in
the alternative, abated, on the grounds that a prior suit involving the parties was
pending in Montgomery County and that no notice had been provided as required by
the Deceptive Trade Practices Act–Consumer Protection Act.


 Attached as an exhibit
was an affidavit from Gilbert, which itself included attachments.


 A notice of
submission filed by Gilbert and the Firm on that date stated that the motion would be
presented to the trial court for submission on December 12, 2005. No response was
filed by the Frenches to this motion to abate, or to a later-filed brief in support of this
motion.


 The record does not reflect that any action was taken by the Harris County
trial court on December 12, 2005 or that any subsequent submission date was
requested by Gilbert and the Firm for this motion.
          Another defendant, Wonderly, was served in the Harris County action on July
31, 2006, and his answer was filed on August 21, 2006. On September 20, 2006,
Wonderly filed a verified motion to abate the Harris County action, requesting that
the action be dismissed or, in the alternative, abated. The motion asserted the right
to abatement because no proper notice of suit had been given as required by section
17.505 of the Texas Business and Commerce Code.


 The motion also argued that
abatement was required because Montgomery County had dominant jurisdiction due
to the prior filing of the Montgomery County action, and it suggested that abatement
was appropriate for reasons of comity, convenience, and orderly procedure. Although
the motion referenced an attached “Exhibit ‘A,’” the affidavit of Wonderly, no
attachments to the motion appear in the clerk’s record on appeal. A notice of oral
hearing on Wonderly’s motion to abate, filed on October 3, 2006, stated that a hearing
had been set for October 13, 2006. 
          On October 12, 2006, the Frenches filed a response to Wonderly’s motion to
abate, which included a request for a continuance of the October 13 hearing. The
Frenches agreed that abatement of the Harris County action for 60 days was
appropriate under section 17.505 but argued that (1) because Wonderly was not a
party to the Montgomery County action, he could not claim that the Frenches’
malpractice claims were compulsory counterclaims against him in that action; (2) the
malpractice claims were not compulsory counterclaims in the Montgomery County
action because the Harris County action was pending at the time the Frenches were
served; (3) Wonderly’s motion was not supported by affidavits or by any other
admissible evidentiary proof; and (4) abatement was not appropriate on any other
basis. The response set out various arguments to demonstrate that the Harris County
court was the more appropriate court for the orderly and efficient preparation and trial
of the malpractice claims. The Frenches also asserted that, if abatement was granted,
it should apply only to the Firm because the Firm was the only plaintiff in the
Montgomery County action. Attached as exhibits to the Frenches’ response were (1)
an affidavit from the Frenches’ counsel relating facts, dates, and events relevant to
the two actions; (2) an affidavit from Kenneth French also setting forth facts, dates,
and events relevant to the two actions and asserting that all attorneys’ fees from
appellees that had been billed to the Frenches had been paid in full and no monies
were owed by the Frenches to appellees; and (3) a copy of the June 21, 2005 notice
letter from the Frenches to appellees and the return receipt associated with that letter.
          The record does not reflect whether any hearing on Wonderly’s motion took
place on October 13, 2006 or on any other date,


 but on December 5, 2006, counsel
for appellees provided an order on “Defendants’ Motion to Abate” to the clerk for the
152nd District Court. The trial court signed an order entitled, “Order on Defendants’
Motion to Abate,” which reads:
          After considering Defendants’ Tracy A. Gilbert and Gilbert, Enis
& Wonderly, P.C., Motion to Abate, Defendant C. Scott Wonderly’s
Motion to Abate, and the plaintiffs’ response, the Court finds that
Defendants’ motion should be granted. Therefore:
          It is ORDERED that all proceedings in this case are ABATED
until further order of the court,
          Or, alternatively:
          It is ORDERED that this case is DISMISSED without prejudice
so that the parties may proceed with the first filed action which is styled
Gilbert, Enis & Wonderly, P.C. v. Kenneth French and Nancy French,
Cause No. 05-06-05720-CV.
          On December 26, 2006, Enis was served with citation in the Harris County
action. No answer from Enis appears in the record.
          On January 9, 2007, the Frenches filed a motion for new trial. The motion
stated that affidavits were attached to establish facts not apparent from the record, but
no attachments to the motion appear in the clerk’s record on appeal. In their motion
for new trial, the Frenches asserted that their malpractice claims were not compulsory
counterclaims to the Montgomery County action because the Harris County action
was pending at the time that the Frenches were served as defendants in the
Montgomery County action and that, therefore, the trial court erred in granting
Wonderly’s motion to abate. The record does not reflect that any hearing was
requested, or occurred, on the motion for new trial. No order on the motion for new
trial appears in the record. 
Dominant Jurisdiction and Pleas in Abatement
          In their first issue on appeal,


 the Frenches challenge the trial court’s dismissal
of the Harris County action, arguing that the legal malpractice claims asserted in the
Harris County action were not compulsory counterclaims in the Montgomery County
action because the Harris County action was pending at the time that the Frenches
were served as defendants and required to file an answer in the Montgomery County
action, citing to Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 207
(Tex. 1999). They also aver that the Harris County action should not have been
abated on any other basis, arguing that the Harris County court was the more
appropriate court for the orderly and efficient preparation and trial of the malpractice
claims and that there was no necessity, from a procedural standpoint, the needs of the
parties, or either court, for an abatement of the Harris County action. The Frenches
further assert, citing Hidalgo v. Surety S&L Ass’n, 462 S.W.2d 540, 545 (Tex. 1971),
that there was no proper evidence to support the motion to abate because Wonderly’s
verification of the motion to abate is not evidence of the facts stated in the motion.


 
           Appellees respond that the malpractice claims were compulsory counterclaims
and, even if they were not, the trial court could have granted an abatement on the
basis of comity and to avoid a potential conflict of jurisdiction. Appellees also point
out that the Frenches never filed a response to Gilbert and the Firm’s motion to abate
and so the trial court could have properly determined, under Harris County local
rules, that the Frenches did not oppose such motion and that this basis would have
also supported the trial court’s ruling. Finally, appellees assert that there was ample
evidence to support the trial court’s order even though none was attached to
Wonderly’s motion to abate because the trial court’s order clearly stated that the court
considered Gilbert and the Firm’s motion that did include attached evidence.



A.      Standard of review and applicable law
          “As a rule, when cases involving the same subject matter are brought in
different courts, the court with the first-filed case has dominant jurisdiction and
should proceed, and the other cases should abate.” Perry v. Del Rio, 66 S.W.3d 239,
252 (Tex. 2001). “[I]n a race to the courthouse, the winner’s suit should have
dominant jurisdiction,” subject to exceptions when its justifications fail.


 Id. 
          A motion to abate is the proper procedure for asserting a claim of dominant
jurisdiction. Tovias v. Wildwood Props. P’ship, L.P., 67 S.W.3d 527, 529 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). “[A] later-filed suit must be abated when
there exists a complete identity of parties and controversies between it and an earlier
suit”; “[o]therwise, abatement . . . due to the pendency of a prior suit is based on the
principles of comity, convenience, and the necessity for an orderly procedure in the
trial of contested issues, matters committed to the sound discretion of the trial court.” 
Coastal Oil & Gas Corp. v. Garza Energy Trust, No. 05-0466, 2008 WL 3991029,
at *15 (Tex. Aug. 29, 2008) (internal quotations omitted); Dolenz v. Continental Nat’l
Bank of Fort Worth, 620 S.W.2d 572, 575 (Tex. 1981). We review a trial court’s
ruling on a motion to abate under an abuse-of-discretion standard. Wyatt v. Shaw
Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988). An abuse of discretion occurs
when a trial court acts without reference to any guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court
abuses its discretion if it fails to grant a plea in abatement when abatement is
mandatory, Wyatt, 760 S.W.2d at 248, or when the trial court acts arbitrarily or
unreasonably in its ruling when abatement is discretionary. Dolenz, 620 S.W.2d at
575. 
          The granting of a plea in abatement in a later-filed suit is mandatory when “an
inherent interrelation of the subject matter exists in two pending lawsuits.” Wyatt, 760
S.W.2d at 247. In such instances, it is “not required that the exact issues and all the
parties be included in the first action before the second is filed, provided that the
claim in the first suit may be amended to bring in all necessary and proper parties and
issues.” Id. “In determining whether an inherent interrelationship exists, courts
should be guided by the rule governing persons to be joined if feasible and the
compulsory counterclaim rule.” Id.
          The granting of a plea of abatement in a later-filed suit is discretionary when 
there is a lack of identity between the causes. Dolenz, 620 S.W.2d at 575. In such
cases, the trial court may grant an abatement “for reasons of comity, convenience and
orderly procedure, and in exercise of that discretion, may look to the practical results
to be obtained, dictated by a consideration of the inherent interrelation of the subject
matter of the two suits.” Id., (quoting Timon v. Dolan, 244 S.W.2d 985, 987 (Tex.
Civ. App.—San Antonio 1951, no writ) (internal quotations and citations omitted)). 
B. Trial court’s ruling and evidence in record
          The trial court’s order specifically stated that the court considered Gilbert and
the Firm’s motion to abate, Wonderly’s motion to abate, and the Frenches’ response
in making its ruling. The order does not reflect that any other evidence was
considered or that there was any evidentiary hearing. There is no reporter’s record
on file in this case. We will therefore consider the evidence upon which the trial
court relied in this matter


—the two motions to abate and any accompanying
attachments and the Frenches’ response to Wonderly’s motion to abate—and we will
decide the issues before us on the basis of the clerk’s record.


 See Michiana Easy
Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 782–83 (Tex. 2005).



C.     Application of law to facts
          The question before us is whether the trial court abused its discretion in
granting Gilbert and the Firm’s and Wonderly’s motions to abate. The language in
the order indicates that the trial court granted the motions so that the parties’ claims
could be resolved in the Montgomery County action, but the order does not state
whether the court was granting the motions to abate on the basis of mandatory or
discretionary abatement. Accordingly, we will consider both potential grounds that
might support the trial court’s ruling. 
          As a preliminary matter, we note that the trial court could have properly abated
this cause with a ruling on only one motion to abate. Appellees argue that the
Frenches never filed a response to Gilbert and the Firm’s motion to abate and that,
under the applicable local rule,


 the trial court had the discretion to consider the
Frenches’ failure to file a response as a representation of no opposition. They
contend, therefore, that the trial court would not have abused its discretion in granting
Gilbert and the Firm’s motion in the face of the Frenches’ apparent lack of
opposition. They also suggest that the Frenches may not now complain of the
granting of Gilbert and the Firm’s motion because the Frenches took no steps to
oppose the motion below. See Cire v. Cummings, 134 S.W.3d 835, 844 (Tex. 2004).
          The record reflects that there was no response filed to Gilbert and the Firm’s
motion to abate and no objection lodged below to the granting of said motion. The
Frenches’ motion for new trial does not complain of the trial court’s action in
granting Gilbert and the Firm’s motion to abate. Accordingly, the Frenches failed to
preserve error as to the granting of Gilbert and the Firm’s motion to abate, under
which grant the trial court could have abated their cause, irrespective of any action
on Wonderly’s motion. See Tex. R. App. P. 33.1(a)(1); Lemons v. EMW Mfg. Co.,
747 S.W.2d 372, 372 (Tex. 1988) (“In order to preserve a complaint for appellate
review, a party must have presented a timely request, objection, or motion, stated the
specific grounds therefor, and obtained a ruling.”). However, even if the Frenches’
objections to the granting of Wonderly’s motion to abate were to be considered
sufficient to preserve their complaint to the trial court’s order granting both
Wonderly’s and Gilbert and the Firm’s motions to abate, we hold that the trial court
did not abuse its discretion in granting the motions to abate.
          The Frenches’ principal argument is that their malpractice claims filed in Harris
County were not compulsory counterclaims to the attorneys’ fees action.


 
Specifically, they aver that, because the Harris County action was already pending at
the time that the Frenches filed their answer in the Montgomery County action, the
malpractice claims were not compulsory counterclaims in the Montgomery County
action, and so the trial court abused its discretion in granting the motions to abate. 
See Tex. R. Civ. P. 97(a); Ingersoll-Rand, 997 S.W.2d at 207 (“[A] counterclaim is
compulsory only if: . . . (2) it is not at the time of filing the answer the subject of a
pending action . . . .”). 
          The Frenches’ argument misconstrues the standards by which a trial court is
to make a determination of whether abatement is mandatory under a claim of
dominant jurisdiction. In deciding whether abatement is mandatory, a trial court must
determine whether there exists “an inherent interrelation of the subject matter” in the
two suits. See Wyatt, 760 S.W.2d at 247. If so, the granting of a plea of abatement
is mandatory, even when there is not already a complete unity of issues and parties
between the suits, so long as the claim in the first suit may be amended to bring in all
necessary parties and issues. Id. In making the required determination of whether an
inherent interrelationship exists, the trial court “should be guided by the rule
governing persons to be joined if feasible and the compulsory counterclaim rule.” Id.
(emphasis added). 
          The term “guided” indicates that when the claim in the subsequent suit meets
all of the elements of a compulsory counterclaim, this factor weighs in favor of a
finding that there is an inherent interrelation of the subject matter between the cases. 
Conversely, when the claim in the subsequent suit meets none of the elements of a
compulsory counterclaim, this factor weighs against a finding that there is an inherent
interrelation of the subject matter between the two suits. This requirement that the
trial court be “guided” by the compulsory counterclaim rule likewise guides our
review as to whether a trial court has abused its discretion in determining the question
of an inherent interrelationship between two suits. However, it does not establish that
a trial court abuses its discretion if it finds that there is an inherent interrelationship
between two suits when one or more elements of the compulsory counterclaim rule
are not met as to the claim in the second suit.


 See Hopkins v. NCNB Texas Nat’l
Bank, 822 S.W.2d 353, 355 (Tex. App.—Fort Worth 1992, no writ) (“There is an
obvious inherent interrelationship between the issues that required the trial court to
sustain NCNB’s plea and precludes our finding any abuse of the trial court’s
discretion . . . . We reject appellants’ argument that there can be no inherent
interrelationship unless the second suit alleges a compulsory counterclaim to the
first.”); accord Chem-Gas Engineers, Inc. v. Texas Asphalt & Refining Co., 398
S.W.2d 143, 144–45 (Tex. Civ. App.—Waco 1966, writ ref’d n.r.e.) (affirming
abatement even though necessary ground for claim in second suit to be considered
compulsory counterclaim was not met, namely, “not [being] the subject of a pending
action”; holding that Texas Rule of Civil Procedure 97(a) should not be construed so
as to allow appellant to nullify its effect by simply filing suit, after being sued, and
then asserting that claim in second suit was not compulsory counterclaim because of
appellant’s subsequently filed second action); 2 Roy W. McDonald & Elaine A.
Grafton Carlson, Texas Civil Practice § 9.79 (2nd ed. 2003) (discussing compulsory
counterclaims).  
          Thus, in the present case, the trial court had to determine whether an inherent
interrelation of subject matter existed in the two suits. See Wyatt, 760 S.W.2d at 247. 
Under the facts in the record before us—assuming, without deciding, that the
Frenches’ malpractice claim lacked one element necessary for it to be a compulsory
counterclaim—we hold that the trial court would not have abused its discretion in
determining that an inherent interrelationship existed in the two suits and so would
not have abused its discretion in granting the motions to abate on such a ground. Id.
          Moreover, even where a trial court does not find that an inherent
interrelationship exists, it may still order an abatement on the grounds of comity,
convenience, and orderly procedures, taking into consideration the practical results
to be obtained. See Dolenz, 620 S.W.2d at 575. Under the facts in this case, the trial
court would not have abused its discretion in granting the motions to abate on such
grounds.
          We overrule the Frenches’ first issue.
D.     Trial court’s remedy of dismissal, rather than abatement
          We note that the trial court, in granting the motions to abate, dismissed the
Harris County action without prejudice, rather than abating it. Generally, the proper
relief on a motion to abate on the ground of dominant jurisdiction is abatement. See
Garza Energy Trust, 2008 WL 3991029, at *15 (“We have held that a later-filed suit
must be abated . . . [when there is dominant jurisdiction in another court]. Otherwise
‘abatement of a lawsuit due to the pendency of a prior suit . . .’ [is discretionary]”)
(citations omitted); Del Rio, 66 S.W.3d at 252 (“As a rule, when cases involving the
same subject matter are brought in different courts, the court with the first-filed case
has dominant jurisdiction and should proceed, and the other cases should abate.”);
Wyatt, 760 S.W.2d at 248 (holding that plea of abatement should have been granted
on basis of dominant jurisdiction, reversing judgment of court of appeals, and 
remanding case to trial court with instructions to vacate its judgment and abate
proceedings); see also generally Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985)
(“Pleas in abatement and pleas to the jurisdiction have different objectives and
different results. Sustaining a plea to the jurisdiction requires dismissal; sustaining
a plea in abatement requires that the claim be abated until removal of some
impediment.”). However, there is also authority holding that if a party files a plea in
abatement, calling the trial court’s attention to the pendency of a prior suit involving
the same parties and same controversy, the subsequent case “must be dismissed.” 
Mower v. Bower, 811 S.W.2d 560, 563 n.2 (Tex. 1991); Curtis, 511 S.W.2d at 267. 
          The Texas Supreme Court has noted the split in authority, but has not resolved
it. See Miles v. Ford Motor Co., 914 S.W.2d 135, 139 (Tex. 1995); see also Gordon
v. Jones, 196 S.W.3d 376, 385 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(discussing split in authority on whether abatement or dismissal is appropriate
disposition upon granting of motion to abate on basis of dominant jurisdiction);
Tovias, 67 S.W.3d at 529 (noting that relief available in plea to abatement was
abatement and that abatement is proper relief when party asserts dominant jurisdiction
in another court); Texas Automatic Sprinklers, Inc. v. Albert Sterling & Assocs., 606
S.W.2d 12, 14 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.)
(discussing abatement verses dismissal). 
          The Frenches do not complain on appeal that the trial court should have abated,
rather than dismissed, the Harris County action, nor do they ask us to modify the
order of dismissal to one of abatement.


 Because no such complaint or request is
made, we need not pass on the propriety of the trial court’s action in dismissing,
rather than abating, the Harris County cause, in response to the motions to abate.
Conclusion
          We affirm the judgment of the trial court.
 


                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.