Reversed and Remanded and Memorandum Opinion filed June 16, 2009








Reversed
and Remanded and Memorandum Opinion filed June 16, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01013-CV

____________

 

CECIL GAMMILL, JR., Appellant

 

V.

 

JOHN GAMMILL, DANIEL GAMMILL,
KATHLEEN GAMMILL BUNGARD, JANICE MARIE GAMMILL, LAURA MAY GAMMILL, THE ESTATE
OF JACKIE MARIE GAMMILL, AND THE GAMMILL FAMILY TRUST, Appellees

 



 

On Appeal from the Probate
Court No. 2

Harris County, Texas

Trial Court Cause No. 332,455-402

 



 

M E M O R A N D U M  O P I N I O N

In a statutory probate court, a brother sued his five
siblings, his mother=s estate, and a family trust.  One of the
defendants asserted a plea to the jurisdiction arguing that the probate court
lacked subject-matter jurisdiction.  The probate court agreed and dismissed all
claims.  Concluding the probate court had subject-matter jurisdiction, we
reverse the probate court=s order and remand for further
proceedings.








I.  Factual
and Procedural Background

Beginning in 2004, various claims were asserted in the
190th District Court of Harris County, Texas (ADistrict Court@) regarding the
Gammill Family Trust (hereinafter AFamily Trust@) and title to
certain real property in Harris County, Texas (hereinafter AProperty@).[1] 
On March 9, 2007, while this litigation was pending in the District Court,
plaintiff/appellant Cecil Gammill, Jr. (ACecil Jr.@) filed suit in
the trial court below (AProbate Court@) against
defendants/appellees John Gammill, Daniel Gammill, Kathleen Gammill Bungard,
Janice Marie Gammill, Laura May Gammill, the Estate of Jackie Marie Gammill (AEstate@),[2]
and the Family Trust[3]
(hereinafter collectively ADefendants@).  Cecil Jr.
asserted claims for (1) trespass to try title, (2) removal of cloud on title,
and (3) adverse possession. Cecil Jr. asserted that, either by an alleged
purchase-money resulting trust or by adverse possession, Cecil Jr. has superior
title to the Property.  

In his first amended plea to the jurisdiction,
defendant/appellee John Gammill (AJohn@) asserted that
the District Court, rather than the Probate Court, had jurisdiction over Cecil
Jr.=s claims.  John
noted that the District Court already had rendered a judgment and argued that
the Probate Court lacked jurisdiction to hear any suit concerning the
Property.  John asked that Cecil Jr.=s claims be
dismissed for lack of jurisdiction.  Cecil Jr. argued that the Probate Court
had subject-matter jurisdiction over his claims.

John did not proffer any evidence in support of his first
amended plea to the jurisdiction; however, the Probate Court did hear argument
of counsel at a hearing.  At the hearing, John=s counsel argued
as follows:








!       Though the District Court had concurrent
jurisdiction with the Probate Court before the claims were filed in the
District Court, the fact that claims were filed first in the District Court
gave the District Court exclusive jurisdiction.

!       Because the District Court had rendered final
judgment, the Probate Court lacked jurisdiction over Cecil Jr.=s claims, and John=s plea to the jurisdiction should
be granted under the doctrine of res judicata.

The
Probate Court agreed with John and signed an order granting the plea to the
jurisdiction and dismissing Cecil Jr.=s claims for lack
of subject-matter jurisdiction.  

On appeal, Cecil Jr. asserts that the Probate Court erred
in dismissing his claims for lack of subject-matter jurisdiction.  In his first
issue, Cecil Jr. claims that the Probate Court had subject-matter jurisdiction
because his claims are Aappertaining to estates@ or Aincident to an
estate@ as those phrases
are defined in Texas Probate Code section 5A(b).  In his second issue, Cecil
Jr. contends that the Probate Court erroneously determined that it lacked
subject-matter jurisdiction because the District Court litigation was filed
first.

II.  Standard of Review 








We
review de novo a trial court=s ruling on a plea to the jurisdiction.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
When a party has filed a plea to the jurisdiction challenging the pleadings, a
reviewing court must construe the pleadings liberally in favor of the pleader
and look to the pleader=s intent.  See id.  If the facts alleged affirmatively
demonstrate the trial court=s jurisdiction to hear the cause, the plea to the
jurisdiction must be denied.  See id.  If the pleadings do not
contain sufficient facts to affirmatively demonstrate the trial court=s jurisdiction, but do not
affirmatively demonstrate incurable defects in the jurisdiction, the issue is
one of pleading sufficiency and the plaintiffs should be afforded the
opportunity to amend.  See id.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing an opportunity to amend.[4] 
See id. at 227.   In ruling on a plea to the
jurisdiction, a court does not consider the merits of the parties= claims.  See id. at 226B28; County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002).  

III.  Analysis 

A.      Does the
Probate Court have subject-matter jurisdiction over Cecil Jr.=s claims? 

The Probate Court Ahas jurisdiction
over any matter appertaining to an estate or incident to an estate and has
jurisdiction over any cause of action in which a personal representative of an
estate pending in the statutory probate court is a party.@  Tex. Prob. Code Ann. ' 5(h) (Vernon
Supp. 2009).  The terms Aappertaining to an estate@ and Aincident to an
estate@ include, among
other things, all claims by or against an estate, all actions for trial of
title to land, all actions for trial of the right of property, all actions to
construe wills, and the interpretation and administration of testamentary
trusts.  See id. ' 5A(b).  Statutory
probate courts have concurrent jurisdiction with district courts in all actions
involving a testamentary trust.  See id.
' 5(e). In this
suit, Cecil Jr. asserts that Cecil Sr., in his will, purported to place the
Property in the Family Trust and to give Cecil Sr.=s wife Jackie
Marie Gammill (AJackie@) a power of
appointment regarding the Property and that Jackie, in her will, attempted to
devise the Property.  Nonetheless, Cecil Jr. asserts that his title to the
Property is superior to that of the Estate and the Family Trust.  Because Cecil
Jr.=s action involves
a testamentary trust and the construction of wills, we conclude that the
Probate Court has subject-matter jurisdiction over Cecil Jr.=s claims. See
id. '' 5, 5A. 








B.      Did the prior filing of claims in the District
Court deprive the Probate Court of subject-matter jurisdiction?

John has asserted that, though the District Court had
concurrent jurisdiction with the Probate Court before the claims were filed in
the District Court, the prior filing in the District Court gave that court
exclusive jurisdiction, and therefore, the Probate Court lacks subject-matter
jurisdiction.  When cases involving the same subject matter are pending in
different courts that have concurrent jurisdiction, the first-filed case takes
precedence unless an exception to the general rule applies.  See Perry v.
Del Rio, 66 S.W.3d 239, 252 (Tex. 2001).  In any event, the existence of
the first-filed case does not deprive the court in which the second case is
filed of subject-matter jurisdiction.  See Mower v. Bower, 811 S.W.2d
560, 563 n.2 (Tex. 1991); Tovias v. Wildwood Props. P=ship, L.P., 67 S.W.3d 527,
529 (Tex. App.CHouston [1st Dist.] 2002, no pet.).  Therefore, even
if the claims in the District Court were filed before the claims in the Probate
Court, the Probate Court would not lose its subject-matter jurisdiction over
the claims in the Probate Court.  See Mower, 811 S.W.2d at 563 n.2; Tovias,
67 S.W.3d at 529.   

C.      Does the District Court=s rendition of a final and
appealable judgment deprive the Probate Court of subject-matter jurisdiction
under the doctrine of res judicata?

John also argued that, because the District Court had
rendered a final and appealable judgment, the Probate Court lacked
subject-matter jurisdiction over Cecil Jr.=s claims under the
doctrine of res judicata.  Presuming, without deciding, that the doctrine of
res judicata is applicable, its application would go to the merits of Cecil Jr.=s claims and would
not deprive the Probate Court of subject-matter jurisdiction.   See Dessens
v. Dessens, No. 14-03-00139-CV, 2004 WL 2590580, at *4 (Tex. App.CHouston [14th
Dist.] Nov. 16, 2004, pet. denied) (mem. op.).








D.      Was the substance of John=s plea a plea in abatement
requesting dismissal under the doctrine of dominant jurisdiction?

Because John=s arguments lack
merit and because the Probate Court has subject-matter jurisdiction, the
Probate Court erred in dismissing Cecil Jr.=s claims for lack
of subject-matter jurisdiction.  However, John asks, in the alternative, that
we treat his plea to the jurisdiction as a plea in abatement seeking dismissal
under the doctrine of dominant jurisdiction, because John purportedly assigned
the wrong title or form to his plea.  John is correct that courts give effect
to the substance of a plea or motion rather than its form or title.  See
State Bar of Tex. v. Heard, 603 S.W.2d 829, 833 (1980).  Therefore, we
examine the law regarding the doctrine of dominant jurisdiction as well as the
substance of John=s plea.

When cases involving the same subject matter are brought in
different Texas courts, the general rule is that the first court in which suit
is filed acquires dominant jurisdiction and should proceed, while the other
courts should either abate or dismiss the later-filed case or cases.  See
Miles v. Ford Motor Co., 914 S.W.2d 135, 138 (Tex. 1995).  This rule is
grounded on the principles of comity, convenience, and the need for orderly
procedure.  See id.  Even if the court of the first-filed suit has
dominant jurisdiction, this does not deprive the other court or courts of
subject-matter jurisdiction.  See Mower, 811 S.W.2d at 563 n.2.  Indeed,
there are various exceptions to the general rule of dominant jurisdiction under
which the first-filed case does not take precedence.  For example, the general
rule does not apply if (1) a party=s conduct estops
it from asserting dominant jurisdiction, (2) if joinder of all parties in the
first-filed case is infeasible or impossible, or (3) if the plaintiff in the
first-filed case is not intent on prosecuting his claims.  See Perry, 66
S.W.3d at 252.  In sum, the doctrine of dominant jurisdiction arises when cases
involving the same subject matter are pending in more than one Texas court,
each of which has subject-matter jurisdiction, and the need arises to determine
which of the cases should take precedence.  See Miles, 914 S.W.2d at
138;  Mower, 811 S.W.2d at 563 n.2.  








In his plea and argument thereon before the Probate Court,
John asserted arguments that the Probate Court lacked subject-matter
jurisdiction.  John did not mention the term Adominant
jurisdiction@ or argue that the trial court should abate or dismiss
under this doctrine.  Rather, John requested the Probate Court to dismiss Cecil
Jr.=s claims for lack
of subject-matter jurisdiction.  The Probate Court granted John=s plea and
dismissed for lack of subject-matter jurisdiction.  See Reiss v. Reiss,
118 S.W.3d 439, 441B42 (Tex. 2003) (stating that courts must
construe trial court orders based on their unambiguous language).  To support
his argument, John relies on Speer v. Stover.  See 685 S.W.2d 22,
23 (Tex. 1985).  However, in Speer though the plea was styled a Aplea in abatement,@ the trial court
expressly stated that it was dismissing for lack of subject-matter
jurisdiction, and the Texas Supreme Court determined that the substance of the
plea was a plea to the jurisdiction.  See id.  Therefore, Speer
is not on point.  See Tovias, 67 S.W.3d at 529 (distinguishing Speer). 
We conclude that the substance of John=s plea was a
request for a dismissal based on lack of jurisdiction rather than a request for
dismissal based on the doctrine of dominant jurisdiction.[5] 
See Tovias, 67 S.W.3d at 529. 

E.      Is the Probate Court=s error harmless because the case
should have been dismissed under the doctrine of dominant jurisdiction?








In the alternative, John also asserts that, even if he did
not ask the Probate Court to dismiss under the doctrine of dominant
jurisdiction, this doctrine requires dismissal either following a request by
John or sua sponte under an exercise of the Probate Court=s inherent power. 
This argument incorrectly equates all dismissal orders.  See Apollo Prop.
Partners, LLC v. Diamond Houston I, No. 14-07-00528-CV, 2008 WL 3017549, at
*3 n.5 (Tex. App.CHouston [14th Dist.] Aug. 5, 2008, no
pet.) (mem. op.).  The Probate Court=s order, if
affirmed, would preclude re-litigation of its determination that the Probate
Court lacks subject-matter jurisdiction over Cecil Jr.=s claims.  See
Nguyen v. Desai, 132 S.W.3d 115, 118 (Tex. App.CHouston [14th
Dist.] 2004, no pet.); Restatement
(Second) of Judgments ' 27 cmt. b (1982).  If the Probate Court
had dismissed these claims after determining that the District Court case
should take precedence under the doctrine of dominant jurisdiction, the effect
of that dismissal would be to bar re-litigation of that determination, and
there would be no determination that the Probate Court lacked jurisdiction.  See
Apollo Prop. Partners, LLC, 2008 WL 3017549, at *3 n.5.

In addition, because the Probate Court has not determined
whether the case in the District Court takes precedence under the doctrine of
dominant jurisdiction and if so, whether Cecil Jr.=s claims should be
abated or dismissed, it would be premature for this court to address whether it
would be proper for the Probate Court to dismiss Cecil Jr.=s claims under
this doctrine.  

We conclude that the Probate Court=s error probably
caused the rendition of an improper judgment and therefore was not harmless.  See
id.  Accordingly, we sustain Cecil Jr.=s two issues,
reverse the Probate Court=s judgment, and remand for further
proceedings consistent with this opinion.[6]

 

/s/      Kem Thompson Frost

Justice

 

 

 

Panel
consists of Justices Frost, Brown, and Boyce.









[1]  An appeal relating to this District Court litigation
is pending in this court as Cause No. 14-07-00705-CV.





[2]  An estate itself is not a legal entity and therefore
cannot sue or be sued.  Henson v. Estate of Crow, 734 S.W.2d 648, 649
(Tex. 1987). 





[3]  Cecil Jr. sued the Family Trust rather than its
trustee.  A trust is not a legal entity.  H.E.Y. Trust v. Popcorn Express
Co., Inc., 35 S.W.3d 55, 60 n.5 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).





[4]  In his plea to the jurisdiction, John did not
challenge the existence of jurisdictional facts using evidence; therefore, the
standard of review for that situation does not apply.  See Miranda, 133
S.W.3d at 227. 





[5]  In the alternative, John asserts that Cecil Jr. did
not preserve error in the Probate Court because Cecil Jr. failed to argue that
a plea to the jurisdiction was an incorrect vehicle for asserting the doctrine
of dominant jurisdiction.  However, John did not assert the doctrine of
dominant jurisdiction, and Cecil Jr. did oppose John=s plea requesting a dismissal for lack of
subject-matter jurisdiction.  Cecil Jr. was not required to suggest alternative
arguments or pleas by which John might seek dismissal of Cecil Jr.=s claims.





[6]  Our decision today does not preclude any party on
remand from asserting the doctrine of dominant jurisdiction, and we do not
comment in any way on the merits of such an argument.